BOARD OF SUPERVISORS OF CLAY COUNTY *v.* BOARD OF SUPERVISORS OF CHICKASAW COUNTY.

1. APPEAL. *Before judgment final. Chancery court, Section 2311, Code of 1880, construed.*
   Under § 2311, Code of 1880, which provides that "an appeal may be granted by the Chancellor in term time or in vacation from an interlocutory order or decree, whereby money is required to be paid or the possession of property to be changed, or when he may think proper, in order to settle the principles of the causes or to avoid expense and delay," an appeal from a decree of a chancery court on exceptions to an answer for insufficiency or impertinence does not lie.

2. SAME. *When allowable under § 2311, Code of 1880. Dismissal by supreme court.*
   Such statute contemplates an appeal only in the cases mentioned specifically, or when the principles of the cause are so involved in the Chancellor's ruling that it will be a gain to all parties to have them passed upon by the appellate court, or where an appeal will avoid expense and delay. And this court will dismiss appeals not granted in accordance with these views.

APPEAL from the Chancery Court of Clay County.

HON. SYLVANUS EVANS, Chancellor.

The Board of Supervisors of Chickasaw County exhibited a bill against the Board of Supervisors of Clay County to compel them to pay a certain part of the indebtedness of Chickasaw County. The defendant answered and the complainant filed twenty exceptions to this answer for insufficiency and impertinence, all of which but one were sustained. The defendant petitioned for an appeal, which the Chancellor granted.

*Barry & Beckett* and *White & Bradshaw,* for the appellant, filed a brief, discussing the exceptions taken to the defendant's answer and overruled by the chancery court.

*McIntosh & Williams,* for the appellee, filed a brief in response to that for the appellant, and as the questions discussed by counsel on both sides were not considered by this court, the briefs are omitted.

CAMPBELL, J., delivered the opinion of the court.

An appeal from a decree of a chancery court, on exceptions to an answer for *insufficiency* or *impertinence,* does not lie under § 2311 of the code, because it is not true that " the principles of the cause " can be settled on such an issue, or that it is possible by such course as an appeal to avoid expense and delay ; and although the Chancellor allowed the appeal, it being apparent to this court that a consideration of the questions involved will not settle the principles of the cause, the appeal is dismissed.

Section 2311 contemplates an appeal only in the cases mentioned, specifically, or when the principles of the cause are so involved in the ruling made by the Chancellor that it will be a gain to all to have them promptly passed upon by the appellate court, or where an appeal will avoid expense and delay. An appeal should not be granted except in such cases, and we will guard the statute against abuse in this respect by dismissing the appeal if we can see that the principles of the cause are not involved, and that the appeal increases expense and delay instead of avoiding them.

*Appeal dismissed.*