CLAUDE D. WALLACE ET AL. v. URIAH R. BOBBITT ET AL.

CHANCERY PRACTICE. *Appeal. Interlocutory decree. Exceptions to answer.. Code* 1892, § 34.

An appeal does not lie from a decree sustaining or overruling an exception for insufficiency to an answer designed to set up an adverse occupancy by defendants of the land in controversy for the prescribed period as a defense to a suit to cancel clouds upon title, the decree not being within code 1892, § 34, authorizing appeals from certain interlocutory decrees, and such an appeal will be dismissed by the supreme court of its own motion.

FROM the chancery court of Leake county.

HON. ADAM M. BYRD, Chancellor.

Bobbitt and others, appellees, were complainants in the court below; Wallace and others, appellants, were defendants there. The facts upon which the case was disposed of by the supreme court are fully stated in the opinion.

*Luckett & Ellis*, for appellants.

*Sullivan & McMillan*, for appellees.

CALHOON, J., delivered the opinion of the court.

In this proceeding in chancery, by bill to remove clouds from title, the defendant, in his answer, relies on adverse possession for more than ten years. Complainant excepted to the sufficiency of this answer, because not full enough in its statements to disclose the defense attempted to be set up. This matter of equity pleading was submitted to a master, who reported that the exception ought to be sustained, and the chancellor did sustain it as against all the complainants except one, and both sides were allowed an appeal, "for the purpose of settling the principles of this case," and the action of the court on this ex--

ception to the answer is the only error assigned by defendants below, who alone appealed.

We dismiss this appeal of our own motion. It does not fall within the purview of § 34, code 1892, on appeals from interlocutory orders. *Board of Sup'rs of Clay County* v. *Board of Sup'rs of Chickasaw County*, 63 Miss., 289.

*Appeal dismissed at appellants' costs.*