LEONIDAS F. DREYFUS *v.* WILLIAM A. GAGE ET AL.

1. APPEAL. *Code* 1892, § 34. *To settle principles of case.*

The supreme court will decline to treat an appeal as intended to settle the principles of the case, under code 1892, § 34, authorizing such appeals from interlocutory decrees, where the principles have been settled by the court below and the cause is retained only to ascertain the damages to be awarded for the wrongful suing out of an injunction.

2. EQUITY. *Jurisdiction. Priority of liens. Injunctions. Suit at law.* *Code* 1892, §§ 2495-2539.

The chancery court has jurisdiction of a suit by the assignee of a landlord's claim for rent, to determine the priority of liens on agricultural products as between the complainant, claiming a statutory lien for the rent (code 1892, §§ 2495, 2539), and the beneficiaries in a deed of trust given by the tenant on such products, and may enjoin a replevin suit for the property brought by the trustee in the deed against the tenant, and adjudicate the whole controversy.

3. REPLEVIN. *Sureties on bond. Trustees in invitum.*

The sureties on a replevin bond who have received and retain the proceeds of a sale of the property involved, to await the result of the replevin suit, are constructive trustees *in invitum* of the funds, and may be held liable therefor, where the property has been carried out of this state, in a chancery proceeding by a complainant who asserts and maintains an equitable right to the property superior to the claims of the parties to the replevin suit.

FROM the chancery court of Bolivar county.

HON. A. MC. KIMBROUGH, Chancellor.

Dreyfus, the appellant, was the complainant in the court below; Gage and others, appellees, were defendants there. From the decree of the court below (mentioned in the opinion) the complainant appealed to the supreme court. The facts are these: One Moore was a tenant on a farm in Bolivar county. He executed and delivered to his landlord his note for rent, which note was assigned by the landlord to the complainant, Dreyfus. The tenant also executed to a trustee a deed of trust on the agricultural products to be raised on the leased premises, to secure a debt to Gage and others, appellees. After the maturity of both debts, the trustee in the deed of trust sued out a writ of replevin against the tenant and caused a number of bales of cotton, raised on the leased premises, to be seized. The tenant gave a replevin bond, and received the cotton from the officer who had executed the writ of replevin, sold the same and paid the proceeds over to the sureties on his replevin bond, to be held by them to abide the result of the replevin suit. This being the condition of affairs, Dreyfus instituted this suit in equity, stating the facts, and asserting, by virtue of the code of 1892, §§ 2495, 2539, a paramount lien on the cotton for which the replevin suit had been instituted, charging that the cotton had been shipped out of the state and that Gage and others, the beneficiaries in the deed of trust, for whose benefit the replevin suit had been instituted, were nonresidents of this state; that the cotton involved in the replevin suit was all of the agricultural products subject to complainant's lien in existence, and that the tenant was wholly insolvent. The sureties of the replevin bond were made defendants to the bill. The prayer of the bill was that complainant's lien should be declared superior to the deed of trust, the replevin suit should be enjoined, the whole controversy—the right of the parties to the proceeds of the cotton—should be adjudged in equity, and the sureties on the replevin bond decreed to pay over the proceeds

of the cotton, the same being less than the rent due, to com-
plainant.

*J. S. Hicks, A. J. Russell* and *Charles Scott & E. H. Woods,*
for appellant.

[The reporter has been unable to find the brief of counsel for
appellant.   It is lost from the record.]

*Moore & Clark,* for appellees.

In order to justify the issuance of an injunction, it is abso-
lutely necessary that the complainant should show: (1) An injury
done or threatened him; (2) that the injury so done or threat-
ened was irreparable; (3) that the remedy given at law was
inadequate, and that the damages awarded in the ordinary pro-
cedure would not compensate him for the injury done or threat-
ened; and (4) that the complainant, in asking injunctive relief,
was not guilty of laches; it being a rule of practice, without ex-
ception, that a court of chancery will not grant relief by injunc-
tion where the party seeking it, being cognizant of his rights,
does not take those steps to assert them which are open to
him, or lies by and suffers his adversary to incur expense and
enter into burdensome engagements, which would render the
granting of an injunction against his undertaking or the use
thereof when completed a great injury to him.

To warrant the allowance of a writ of injunction it must
clearly appear that some act has been done, or is threatened,
which will produce irreparable injury to the party asking the
injunction.

Upon what theory the appellant can contend that any injury
done to him by the prosecution of the replevin suit in this
cause would be irreparable, we fail to see or understand.

As long as the cotton remained within the bounds of the
state, no matter whether the same was in the possession of
W. A. Gage & Co., the plaintiffs in the replevin suit, or in
the hands of the officers, holding same under the writ of re-

plevin, or in the hands of the defendant, W. D. Moore, or in the hands of the sureties, J. S. Hicks and S. C. Traylor, it was subject to be levied upon by a writ of attachment issued under the provisions of the code of 1892.

If the cotton had been delivered to the sureties and sold by them and converted into cash, and it is beyond the reach of an attachment under the landlord's lien laws, the parties selling or disposing of this cotton, no matter who, are responsible to the landlord in damages. This court has held to this doctrine through a series of decisions which have now rendered the settlement of this point beyond the possibility of dispute.

There is, therefore, no irremediable damage to be complained of by the appellant in this matter. He has had at all stages of the proceedings, and at all times, and has now a full and adequate remedy at law for any wrong that has been or may be done him by the removal of this cotton.

Argued orally by *A. Y. Scott*, for appellant, and by *Fred. Clark*, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

This appeal purports to be an appeal to settle the principles of the cause. But the decree plainly recites that the cause was retained for the sole purpose of ascertaining damages due on the dissolution of the injunction. In effect, therefore, the cause was disposed of, and manifestly an appeal to settle the principles of a cause already settled is useless. We decline, therefore, to treat this as an appeal to settle the principles of the cause. But a decree was rendered dissolving the injunction, and an appeal has been prosecuted from that decree.

We do not think the appellant is shown to be barred by laches, under all the circumstances of the case. While the cotton was in the state, there was ample remedy at law. But when this bill was filed it had been sold and shipped out of the state to nonresident purchasers—Gage & Co. The proceeds

were in the hands of the sureties on the replevin bond, to await the result of the replevin suit.   If the landlord's lien had not been waived, then these sureties were constructive trustees *in invitum* of the proceeds of said cotton, and the nonresident defendants, Gage & Co., were out of the jurisdiction of our courts.   The controversy is one as to the priority of liens between the mortgagees and the landlord.   We think the court had jurisdiction, for these reasons, and, having jurisdiction, it was entirely proper to enjoin the replevin suit and draw to the chancery forum the whole matter for adjudication in one decree.   The decree dissolving the injunction is reversed and the injunction reinstated, and so much of the decree as retains the cause solely for the ascertainment of damages is also reversed, and the court below will proceed with the cause on its merits, and at the final hearing dissolve or perpetuate the injunction, as equity may require.   We do not think, in the attitude of this case, we should do more now than this, since it is not an appeal to settle the principles of the cause.   The questions of waiver, estoppel, etc., the court below will determine on the merits.

*Decree accordingly.*