Norris v. Burnett *et al.*

[66 South. 748-332.]

1. Appeal and error. *Decisions appealable.    Affirmance.    Remanded. Amendment.*

Under Code 1906, section 35 providing that an appeal from an interlocutory order may be granted by the chancellor, when he thinks it necessary to settle the principles of the case, the chancellor may grant an appeal from a decree sustaining a demurrer to the bill.

2. APPEAL AND ERROR. *Affirmance. Remanded. Amendment.*

> Where the chancellor sustained a demurrer to a bill and granted complainants an appeal to settle the principles of the case, such a decree was not one in substance and effect dismissing the bill, and upon affirmance the case will be remanded, to give complainants an opportunity to amend his bill.

APPEAL from the chancery court of Hinds county.
HON. P. Z JONES, Chancellor.

On motion to correct judgment in supreme court.

The facts are fully stated in the opinion of the court.

*Wells & Wells,* for appellant.

*Alexander & Alexander,* for appellee.

SMITH, C. J., delivered the opinion of the court.

On a former day of the present term of this court, the decree of the court below was affirmed, and the cause remanded. Appellees now ''move the court to amend and correct the judgment entered by this court on the affirmance of the above-styled cause by dismissing the original bill of complaint.'' The decree of the court below is as follows:

''Having come to be heard the above-styled cause on this the 1st day of February, 1913, the same being a regular term day of this court, and the same having been set down for hearing and submitted on original bill and demurrer thereto, and the court being fully advised, and after due presentation of counsel for all parties concerned, it is ordered, adjudged, and decreed that the demurrer thereto be sustained. The said cause having been also submitted on agreement of counsel, and the court being fully advised, it is hereby ordered and decreed that the special plea be sustained; and it is further ordered and decreed that complainants have an appeal to the supreme court of Mississipip from this decree, in order to settle the principles of the cause.''

The contention of counsel for appellant is that this is an appeal from a final and not an interlocutory decree, and therefore there is no occasion for remanding the cause to the court below for further proceeding. It is true that ordinarily, when a demurrer to a bill is sustained and no leave to amend is requested, a dismissal follows as a matter of course, and the failure of a decree to expressly so provide will not prevent it from being in substance and effect a decree dismissing the bill. *Jacobs v. Insurance Co.,* 71 Miss. 656, 15 So. 639; *Moore v. Evans,* 98 Miss. 855, 54 So. 438. The decree here under consideration, however, does more than merely sustain the demurrer, for it also grants an appeal to settle the principles of the cause. Had such an appeal not been granted, appellants would have been compelled to elect between submitting to a final decree, or amending their bill so as to meet the objection raised thereto by the demurrer, in event it can in fact be so amended. If, before putting appellants to this election, an appeal to settle the principles of the case was proper, we think the court had power, under section 35 of the Code, to grant it, and the decree was thereby prevented from being "in substance and effect" a decree dismissing the bill.

*Overruled.*