YAZOO & MISS. V. R. R. CO. v. JAMES ET AL.

[67 South. 152.]

1. APPEAL AND ERROR. *Necessity, of leave. Final decree. Supersedeas. Interlocutory decree. Necessity to settle principles. Order granting appeal.*

Granting leave to appeal is unnecessary if the decree appealed from is final.

2. APPEAL AND ERROR. *Granting supersedeas. Final decree.*

Where a *supersedeas* does not follow an appeal as a matter of right upon compliance with section 50, Code 1906, any supreme judge has the right to grant it under Code 1906, section 56.

3. APPEAL AND ERROR. *Power to allow. Interlocutory decree.*

If an appeal from an interlocutory decree to settle the principles of the case is not allowed by the chancellor under Code 1906, section 35, it may be allowed by a judge of the supreme court under section 4908, Code 1906.

4. INTERLOCUTORY DECREE. *Necessity for settling principles.*

In determining whether or not an appeal was properly granted under Code 1906, section 35, and section 4908, the merits of the controversy between the parties to the cause is immaterial, and will not be looked into in order to ascertain whether or not the appeal should have been granted. The only question to be determined is whether or not the appeal will settle the principles of the particular case so that the court below may thereafter have a definite guide which it must follow in the trial thereof. If a decision of the question raised on the appeal will result in settling the principles of the case, it will be retained and heard.

5. SAME.

That the abstract proposition of law involved in the appeal may have been heretofore decided by the supreme court, is not necessarily controlling in determining whether it should be granted, the object of the statute being to settle the law of the particular case.

6. SAME.

An appeal of this character is not a matter of right, but rests in the discretion of the chancellor, or a member of the supreme court, which discretion should be cautiously exercised, and an appeal granted, only when some good purpose will be accomplished by settling the law of the particular case before it has proceeded to final judgment.

7. APPEAL AND ERROR. *Interlocutory decree. Settling jurisdiction.*

A typical case for granting plaintiff an appeal from an interlocutory decree, as necessary to settle the principles of the case, is presented, where the defendants claim, and the chancellor seems to hold, that the court is without jurisdiction to grant the relief sought by the suit.

8. INTERLOCUTORY DECREE. *Order granting appeal.*

Under Code 1906, section 35, the order of the chancellor granting an appeal from an interlocutory decree, need not state the purpose for which it is granted, but it will be upheld if authorized by any of the provisions of such section.

9. APPEAL AND ERROR. *Interlocutory decree. Granting supersedeas.*

Where a chancellor grants an appeal from an interlocutory decree, but refuses a *supersedeas*, a judge of the supreme court may grant a *supersedeas* under Code 1906, section 4908, so providing.

10. SAME.

A *supersedeas* is properly granted where it is necessary to prevent a defeat of the purpose for which an appeal by complainant from an interlocutory decree in a suit to enjoin prosecutions of actions at law, is granted.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Special Chancellor.

Suit by the Yazoo & M. V. R. Company against T. G. James and others. From an interlocutory decree, plaintiff appeals. Heard on motion to dismiss appeal and to discharge the *supersedeas.*

The facts are fully stated in the opinion of the court.

A. H. *Stephen, Gary & Rice* and *Cutrer & Johnston*, for the motion.

C. N. *Burch, Jas. Stone* and *Mayes & Mayes*, opposed.

SMITH, J., delivered the opinion of the court.

Appellant filed its bill in the court below alleging that appellees had each instituted separate suits at law against it; that J. H. Lay and numerous parties, whose names are not given, were threatening so to do, and praying that the suits instituted and the one threatened by Lay be enjoined, and that all of the controversies therein sought to be litigated be adjudicated by decree of the court below; the ground upon which this relief is sought being that thereby a multiplicity of suits will be prevented. A preliminary injunction having been granted in response to the prayer of this bill, a motion to dissolve was filed by appellees, the six grounds of which may be reduced to two: First, that the bill fails to present a case for the exercise of the jurisdiction of equity to prevent a multiplicity of suits. Second, that the bond given is insufficient.

On the hearing of this motion, which took place on December 10, 1914, the injunction was dissolved without reference to the sufficiency or insufficiency of the injunction bond. The decree recites that:

"The said injunction heretofore issued herein against the said defendants, Thomas G. James and George L. Marshall, and their agents and attorneys, is hereby dissolved and for naught held; and this day, this came on also to be heard on the suggestion of damages filed herein against the said complainant by the said defendants; because of the wrongful suing out of the injunction herein, it is considered and ordered that the

.suggestion of damages be continued to some further day to be fixed by the chancellor."

Appellant then prayed for an appeal to this court with *supersedeas*, which appeal was granted but the .*supersedeas* denied. On the 17th of December, following, an application for a *supersedeas* was made to a member of this court, and was by him granted. On December 22d appellees filed a motion in this court praying for a dismissal of the appeal, "because the .same was not allowed and granted by the chancellor within the time and in the manner, and for the reasons .stated by law, and because the said appeal was improvidently and improperly granted;" and on December 28th filed another motion praying that the *supersedeas* be discharged. The grounds upon which this .*supersedeas* is requested to be discharged seem to be: :that the judge of this court who granted it was without power so to do; and, second, that the court below is without jurisdiction to grant the relief prayed for. The record in the cause was filed in this court on January 6, 1915. Both of these motions were submitted, and will be disposed of, together and in the order named.

The return day of this cause is yet to be fixed by order of this court under sections 4902 and 4906 of the Code, and one of appellant's contentions is that this court is without jurisdiction to entertain a motion to dismiss until after the return day of the cause in which the motion is made. Since the motion, however, must be overruled on other grounds we will pretermit any discussion of this question, and reserve its determination until such time as it may become necessary for us to do so.

These motions have been argued, both for appellant and appellees, on the theory that this is an appeal from an interlocutory decree; is controlled by section 35 of the Code, and should be dismissed unless "proper in order to settle the principles of the cause." While the

decree appealed from does not in express terms retain the cause solely for the assessment of damages, it is manifest that that is the only question left open by it, and therefore it may be that this cause comes within the rule announced in *Dreyfus* v. *Gage,* 79 Miss. 403, 30 So. 691, wherein, although the appeal had been granted in order to settle the principles of the cause, the court declined to so treat it, and instead of dismissing the appeal decided the questions therein raised, reversed the decree appealed from, and remanded the cause evidently upon the theory that the decree appealed from was final. If it follows from that case that the appeal here was from a final, and not an interlocutory, decree, then the granting of leave to appeal was unnecessary, and the motion to dismiss must therefore be overruled. In event it should be held that a *supersedeas* does not follow such an appeal as a matter of right upon compliance with section 50 of the Code, as to which we are not called upon to express an opinion, the motion for a discharge of the *supersedeas* must still be overruled, for the reason that any judge of this court clearly had the right to grant it under section 56 of the Code.

It will not be necessary for us to determine whether or not this cause is ruled by *Dreyfus* v. *Gage,* for, assuming for the sake of the argument that the appeal is from an interlocutory decree and lies only under the provisions of section 35, the same result will follow. By this section a chancellor before whom a cause is on trial, and upon his refusal so to do, a judge of this court, by section 4908 of the Code, is given power to grant an appeal from any interlocutory order or decree "when he may think it proper to settle the principles of the cause, or to avoid expense and delay." In determining whether or not an appeal was properly granted under these sections, the merits of the controversy between the parties to the cause is immaterial, and will not be

looked into in order to ascertain whether or not the appeal should have been granted. *State* v. *Woodruff*, 83 Miss. 111, 36 So. 79, 37 So. 706; *Kimball* v. *Alcorn*, 45 Miss. 147. The only question to be determined is whether or not the appeal will settle the principles of the particular cause, so that the court below may thereafter have a definite guide which it must follow in the trial thereof. If a decision of the questions raised on the appeal will result in setling the principles of the cause, it will be retained and heard; otherwise it will be dismissed. *Clay County* v. *Chickasaw County*, 63 Miss. 289. That the abstract proposition of law involved in the appeal may have been heretofore decided by this court is not necessarily controlling in determining whether it should be granted; the object of the statute being to settle the law of the particular cause. *Bierce* v. *Grant*, 91 Miss, 791, 45 So. 876, seems to be in conflict herewith, and, if so, it is hereby overruled. That this is the correct and logical interpretation of the statute will be demonstrated by an examination of that case, for the court there arrived at the conclusion that the appeal should not have been granted and therefore should be dismissed, by examining into the merits of the appeal and deciding the question presented by it adversely to the appellant, thereby in fact settling "the principles of the cause" in so far as the matters involved in the decree appealed from were concerned. Of course, an appeal of this character is not a matter of right, but rests in the discretion of the chancellor or of a member of this court, which discretion should be cautiously exercised, and an appeal granted only when some good purpose will be accomplished by settling the law of the particular cause before it has proceeded to final judgment. *Ward* v. *Whitfield*, 64 Miss. 754, 2 So. 493; *Ames* v. *Williams*, 73 Miss. 772, 19 So. 673; *Insurance Co.* v. *Morrison*, 95 Miss. 639, 48 So. 178.

If the decree here in question is interlocutory, a typical cause is presented for the exercise of the power granted by the sections of the Code hereinbefore referred to, for the reason that if the court below is without the power to grant the relief prayed for, as contended by counsel for appellees, that fact should be ascertained and determined before the parties to the cause have been forced to incur unnecessary trouble and expense. Moreover, since the court below seems to have held that it was without such jurisdiction, the cause, should this holding be affirmed, will be thereby practically brought to an end.

In the order granting this appeal, the chancellor failed to state the purpose for which it was granted. The failure of the order to so state is immaterial. If the decree appealed from is final, leave so to do was not necessary; and, if it is interlocutory, it will be upheld if authorized by any of the provisions of section 35 of the Code, it not being, in our judgment, necessary for the decree to recite the purpose for which the appeal was granted. The statute does not expressly require that this be done, and there is no principle, or rule of practice, of which we are aware, which requires courts below to indicate the reasons upon which they act in passing upon matters submitted to them for adjudication.

Coming now to the motion for the discharge of the *supersedeas,* on the theory that the decree appealed from is interlocutory, it will be sufficient to say that power to grant such a *supersedeas,* when it has been denied by the chancellor, is expressly conferred upon a member of this court by section 4908 of the Code. (*Wilson* v. *Pugh,* 61 Miss. 449; *Buckley* v. *George,* 71 Miss. 580, 15 So. 46), and that this power was here properly exercised for the reason that without a *supersedeas* the prosecution of the suits at law, sought to be enjoined, may be proceeded with and judgments therein probably obtained before the appeal can be submitted to and de-

termined by this court, resulting in the defeat of the purpose for which it was granted. *Kimball* v. *Alcorn,* 45 Miss. 149.

*Motions overruled.*