FIRST NATIONAL BANK OF CANTON *et al. v.* POSTON *et al.*\*

(Division A.   Nov. 19, 1923.)

[No. 23422.]

1. APPEAL AND ERROR.  *Appeal may be granted from decree sustaining demurrers to cross-bills.*

   Part of the defendants to a bill in equity answered and made their answers cross-bills asking for affirmative relief.  The cross defendants and complainants in the original bill demurred to said cross-bills, which demurrer was sustained, and the cross-bills dismissed.  *Held*: under section 35, Code 1906 (Hemingway's Code, par. 10), the chancellor was authorized in his discretion to grant an appeal from such decree to settle the principles of the cause.

2. COURTS.  *Cross-bill held improperly dismissed because of pending actions.*

   Where creditors, secured by a trust deed on all property of debtor, sued a grantee, and a trustee under a trust deed, of debtor, and all other creditors of such debtor, and claimed priority over their claims, a cross-bill filed by creditor banks, claiming priority to lien on specific tract of debtor by reason of trust deed and attachment in chancery, and that trust deed was fraudulent, was improperly dismissed on demurrer, though there were then pending actions by such defendants in chancery court of state

(64)

and federal court to subject particular tract to their claims, since the pending litigation, in which all the parties were not joined, could establish nothing more than that there was an indebtedness which might be a lien on such particular tract of land, but settling nothing as to priority.

APPEAL from chancery court of Holmes county.

HON. T. P. GUYTON, Chancellor.

Bill by John H. Poston and others against the First National Bank of Canton and others, with cross-bill by defendants. Decree for plaintiffs on demurrer and defendants appeal. Reversed and remanded.

*Noel & Neilson,* for appellants.

## I.

THE APPEAL FROM THE INTERLOCUTORY DECREE GRANTED IN THIS CAUSE WAS PROPERLY GRANTED BY THE CHANCELLOR, BECAUSE HE THOUGHT IT PROPER "IN ORDER TO SETTLE THE PRINCIPLE OF THE CAUSE, OR TO AVOID EXPENSE AND DELAY." Hemingway's Code, section 10 and Annotations; *Railroad* v. *James,* 108 Miss. 656, 67 So. 152; *Norris* v. *Burnett,* 108 Miss. 378, 66 So. 740, 332.

## II.

ON THE MERITS OF THE MOTION THE LEARNED CHANCELLOR ERRED IN SUSTAINING THE DEMURRERS TO THE CROSS-BILL. a. Where equity has jurisdiction for one purpose, it will retain the bill for full relief, and adjust the rights of the parties to the whole subject-matter involved. *Ga. Pac. Ry. Co.* v. *Brooks,* 66 Miss. 583; *Leflore County* v. *Allen,* 80 Miss. 298; *Learned* v. *Holmes,* 49 Miss. 290; *Baker* v. *Nichols,* 111 Miss. 673.

b.   If necessary chancery court will enjoin proceedings in another court dealing with only a part of the subject-matter. *Gillian* v. *Chancellor,* 43 Miss. 437.

c.   It is a settled maxim in equity that all persons interested in the subject-matter of litigation whose interests will be affected by the decree must be made parties to the bill. *Foster* v. *Jones,* 17 So. 893.

d.   All who have beneficial interests in the lands in controversy, the subject-matter of a suit in equity, are necessary parties. *McIllvay* v. *Allsop,* 45 Miss. 365; *Barry* v. *Barry,* 64 Miss. 709; *Harding* v. *Cobb,* 47 Miss. 599; *Harllow* v. *Mister,* 64 Miss. 25.

e.   Misjoinder of causes of action are inapplicable in this case as a basis of contention by appellees. Although a complainant in equity cannot demand by one bill several matters of different natures against several defendants, yet when one general right is claimed by the bill, although defendants may have separate and distinct rights, a demurrer will not be sustained. *Garrett* v. *Mississippi, etc., Ry. Co.,* Freeman Ch. 78.

f.   "The pendency of a suit will not abate one subsequently brought unless there be a substantial identity of parties." 1 Enc. Pleading & Practice, 157, and authorities there cited.

g.   "Where the relief obtainable is essentially different, they may be prosecuted at the same time, although the same question may to some extent be involved in both." 1 Enc. Pleading & Practice, 763, and authorities cited.

The first suit, upon which attachment was issued and executed upon the land in controversy, was that of the First National Bank of Canton, one of the appellants. That suit is still pending in the chancery court of Holmes county, Mississippi, and is the suit upon which the first attachment and garnishment were served upon the parties and subject-matter of this suit, conferring upon that court the first right to deal with the property in controversy. Where courts of concurrent jurisdiction deal with the same subject-matter, all other courts defer, ordina-

rily, to the court, that first acquired jurisdiction over the property in controversy, as a matter of comity, or as positive law.

All of the three suits of appellants, ultimately, will come just as this suit does to questions of priorities. This chancery court having originally acquired jurisdiction, is the proper court to adjust priority rights, just as was invoked by the original bill in this cause; and it might as well or better exercise its jurisdiction at one hearing, determining the rights of all parties, at once after giving each an opportunity of presenting his cause and defenses, as in a number of suits ending at different times and in different courts. Equity abhors multiplicity of suits. Here is a case, dealing with trust matters, urgently calling for such exercise of this jurisdiction.

We respectfully submit that the decree of the court below should be reversed, the demurrer sustained and the cause remanded.

*Wells, Stevens & Jones,* for appellees.

The decree appealed from is not an appealable order or decree, and this court has no jurisdiction. A motion to dismiss would be appropriate and should be sustained. The banking institutions which undertook to make their answer a cross-bill had no equitable interest in the lands, the subject-matter of this foreclosure suit, and the sole purpose for making them parties was to enable the court in this proceeding to declare any statutory attachment subordinate to the paramount lien of the original complainants, Poston and Buckingham Dry Goods Company, and make the lands bring a decent price at the foreclosure sale. Another purpose was to give the court jurisdiction to deal with the proceeds in a way to protect any lien which cross-complainants might ultimately be entitled to by way of attachment in the separate suits which the banks are now prosecuting. They are not parties to the trust instrument. They are not junior mortgages. They do not own the land or any interest in the land. The

sole prayer of the cross-bill is that the banks may recover a personal decree against William Schild. At the time this prayer was incorporated in the alleged cross-bills the banks had already filed separate attachments in chancery, and in these attachments in chancery were seeking both a personal decree for money against William Schild, and seeking an attachment, which is not, or never was, anything more than an attachment at law.

We now direct attention especially to the fact that the decree appealed from did not require any money "to be paid or the possession of property changed," and the decree does not settle the principles of the cause, and this appeal certainly does not "avoid expense and delay." In other words this appeal does not come within either the letter or the spirit of section 10, Hemingway's Code, authorizing an appeal from an interlocutory order. A cross-bill must present matter germane to the original bill, and is only allowed as an incident to the main suit. It is true that section 9, Hemingway's Code, authorizes an appeal from a decree overruling a demurrer. But this is not a decree overruling a demurrer, and therefore this appeal does not come within the terms of either section 9 or section 10, Hemingway's Code.

The dismissal of the cross-bills did not take away from appellants their right to answer, or to present anything defensive in their answers. Their answers remain on file and by these answers the banks have the right to attack the trust instrument as being for any reason void or enforceable, and have the right also to attack the indebtedness due Poston or the Buckingham Dry Goods Company, or the extent of that indebtedness. The banks have their day in court on their answers, and may be their answers fully protect their inchoate right to impress a statutory lien on the lien on the lands in controversy, by and through the separate suits which they have filed and are now prosecuting.

The banks have not sued out an attachment in this case and without an attachment the court in the present proceeding has no right or jurisdiction to adjudicate

that the banks have a valid attachment.   The court in the present proceeding has not reached out its arm through the sheriff of the county and attached the lands at the suit of the banks.   The banks have no lien by contract. It is obvious therefore that the banks in this case have no lien either by contract or by law.   How can it be said, therefore, that the learned chancellor could assume jurisdiction on the cross-bills and grant any relief that in any sense comes within equity jurisdiction.   The dismissal of the so-called cross-bills did not dismiss the separate suits which the banks have pending.   The dismissal of the cross-bills did not take away from the banks any defense which they have against Poston and the Buckingham Dry Goods Company.   The dismissal of the cross-bills did not destroy any attachment which the banks have sued out by their separate suits.   The dismissal of the cross-bills did not change money or the possession of property, and there is nothing alleged in the cross-bills and involved in the ruling of the decree appealed from that in any wise settles the principles of this case.   No principle whatever was decided except that the cross-bills did not present any matter which the court in this case could take jurisdiction of by way of a cross-action. It is manifest therefore that this appeal was improvidently granted, and that this court should decline to assume jurisdiction, but on the contrary should dismiss this appeal and send the whole case back for trial on the pleadings and proof.   At this trial the banks will be parties and the court can protect any inchoate right or claim which they have.   On this point the case of *Bierce et al.* v. *Grant,* 91 Miss. 791, 45 So. 876, is distinctly in point, and rules the question.

The court will observe that the very decree involved in that case was a decree sustaining a demurrer to a cross-bill.   That is the exact situation here.   The court will further observe that the court in that case declined to assume jurisdiction, upon the ground that equity had no jurisdiction of the matter attempted to be asserted

by way of cross-action. That is exactly the situation and the ruling of the court in the case at bar.

We further direct attention to *Delta & Pine Land Company* v. *Adams,* 93 Miss. 340, 48 So. 190, which decided a similar point. Similarly the case of *Board of Supervisors of Clay County* v. *Board of Supervisors of Chickasaw County,* 63 Miss. 289, is in point.

The ruling of this case is expressly reaffirmed in the subsequent case of *Wallace* v. *Bobbitt,* 79 Miss. 403. Along the same line is the case of *Barrier* v. *Kelly,* 81 Miss. 266, holding that a decree sustaining a demurrer to a bill of complaint, and allowing the complainant time to amend, is not an appealable decree. And to the same effect is the more recent case of *Armstrong* v. *Moore,* 112 Miss. 511. It is a jurisdictional question which lies upon the very threshhold of this case. We did not file a motion to dismiss because the appellants were not diligent in having an administrator appointed upon the estate of William Schild, and the fact is Poston and the Buckingham Dry Goods Company were required to take the initiative in Mississippi and petition for an administrator to be appointed. Since the appointment of Mr. Ruff we have not had time to prepare and present a motion to dismiss and furthermore we are convinced that the same question can be presented at this time when the case takes its usual place on the docket. The interests of the original complainants require a speedy hearing of this appeal in order that the case may be prosecuted on its merits in the chancery court of Holmes county.

## II.

ON THE MERITS, THE ACTION OF THE LEARNED CHANCELLOR IN SUSTAINING THE DEMURRER TO CROSS-BILL WAS PROPER. The cross-bills are not in fact cross-bills at all. They do not present any new matter germane to the issues presented by the original bill, and they do not present any matter of which equity may take cognizance. If the Chancellor had assumed jurisdiction of a simple action at law then a different question might have been

presented. But the Chancellor declined to assume juris-
diction, and this court will be required to hold that the
cross-bills presented some matter of equitable cognizance
before this case can be reversed. As stated, cross-com-
plainants have no equitable interest in the lands which
are here sought to be foreclosed under the trust instru-
ment. The instrument sought to be foreclosed is both a
mortgage and an active trust and comes within the orig-
inal jurisdiction of a court of chancery. *Wemer Saw
Mill Co.* v. *Sheriff,* 89 Miss. 12, is conclusive. Court had
no jurisdiction of the cross-bills. There was no attach-
ment in this case at all. See Pomeroy (4 Ed.), 987-993.

While the instrument now before the court is not a
general assignment it is a special security in favor of
Buckingham Dry Goods Company as the successor cor-
poration and present owner of the indebtedness form-
erly held by Lemmon and Gale Company, and the in-
strument expressly secures this indebtedness, both that
which existed and was evidenced by promissory note at
the date of the trust instrument, and also those advances
that were subsequently made to E. E. Bolin, active trus-
tee, in pursuance of the authority granted by the trust in-
strument. These very advances were made to enable
Bolin to prosecute the litigation. The evidence will dis-
close that he had to take many trips into Mississippi and
interview witnesses, attend court trials both before
the Federal court proper, and the master appointed
by the court to take and state an account. He
had to advance witness fees, and pay railroad and
hotel bills and other legitimate expenses. Our client
furnished the ammunition of war, and has never had
even a grateful consideration at the hands either of
Schild or of his trustee Bolin. For a discussion of the
duties of a trustee in a deed of trust, see Pomeroy, 995.

At all times Mr. Bolin, as active trustee, was not only
authorized but directed to apply the fruits of the liti-
gation against Mrs. Wilkes to the payment of the ex-
penses for money advanced by Buckingham Dry Goods
Company, and a reasonable attorney's fee, and of course
had a right to charge William Schild with these payments.

In his failure to devote the fruits of the litigation toward payment of these things the trustee breached his trust. Pomeroy, par. 1085: "The trustee is entitled to be allowed, as against the estate and the beneficiary, for all his proper expenses out of pocket, which include all payments expressly authorized by the instrument of trust, all reasonable expenses in carrying out the directions of the trust, and in the absence of any such directions, all expenses reasonably necessary for the security, protection and preservation of the trust property . . . He is also entitled to be indemnified in respect of all personal liabilities incurred by himself for any of these purposes."

In *Washington* v. *Soria*, 73 Miss. 665, our court, speaking through Chief Justice COOPER, quoted to approve the following from the New York case of *Trotter* v. *Hughes*, 2 Kern, 12 N. Y. 74: "The acceptance of a conveyance containing a statement that the grantee is to pay off an encumbrance binds him as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee."

So in the case at bar, Bolin accepted the trust with express directions to pay off the indebtedness of Lemmon and Gale Company, and was given authority to make further contracts for and on behalf of William Schild, and to pay for advances of money and attorney's fees. The parties who contracted with the trustee therefore contracted with both Bolin and Schild, and are protected by the express provisions of the trust instrument. While Poston is not named in the trust instrument nevertheless when Bolin employed him he thereby became a beneficiary, and entitled to all the rights conferred by the trust instrument. In the same way Buckingham Dry Goods Company is protected in its advances. We take it that there can be no question about its right to enforce the lien, and in all events this question is not now before the court. The question here is whether the cross-bill have been properly dismissed.

Furthermore Poston had a lien by law on the fruits of the litigation now in the hands of Bolin, trustee. The following Mississippi cases sustain the lien as to the

money now in the hands of the trustee: *Dunn* v. *Vannerson,* 7 Howard, 579; *Tope* v. *Armstrong,* 3 S. & M. 221; *Cade* v. *Wilkinson,* 3 S. & M. 223; *Stewart* v. *Flowers,* 44 Miss. 513, 7 Am. Rep. 707; *Halsell* v. *Turner,* 84 Miss. 432; *Harney* v. *Demoss,* 3 Howard 174; 3 Encyc. of Pleading and Practice, 105.

Poston and the Buckingham Dry Goods Company are the parties who are suffering by this appeal, and they respectfully ask the court first to dismiss the appeal as improvident, and on the fundamental ground of jurisdiction, and secondly, in all events to affirm and promptly remand this case in order that justice long delayed may be administered.

Argued orally by *E. F. Noel,* for appellants, and *J. Morgan Stevens,* for appellees.

ANDERSON, J., delivered the opinion of the court.

This is an appeal from the chancery court of Holmes county to settle the principles of the cause. Appellees, John H. Poston, a resident citizen of Memphis, Tenn., and Buckingham Dry Goods Company, a corporation under the laws of the state of Tennessee, filed their bill in the chancery court of Holmes county against E. E. Bolin, individually and as trustee, a resident citizen of Tennessee, William Schild, also a resident citizen of said state, and the First National Bank of Canton, the Bank of Durant, and the People's Bank of Durant, banking corporations under the laws of this state.

Appellees, the three banks named, answered separately, and made their answers cross-bills asking for affirmative relief against complainants (appellees) in the original bill, and also against the defendants therein, said Poston and Schild. To these cross-bills appellees demurred, which demurrers the trial court sustained, and dismissed said cross-bills. From those decrees the court below granted an appeal to settle the principles of the cause under section 35, Code of 1906 (Hemingway's Code, par. 10), which appeal was duly perfected within the time prescribed by law.

Two questions are argued in the cases: First, appellants contend that they are entitled to an appeal to settle the principles of the cause, which contention is vigorously contested by appellees. Second, appellants contend that their cross-bills state grounds for affirmative relief to which they will be entitled if sustained by the proof, and that therefore the trial court should have retained said cross-bills and administered full relief, which contention appellees also vigorously contest.

The cause is here on the pleadings alone. William Schild and E. E. Bolin, codefendants with appellants in the original bill and cross-defendants in appellants' cross-bills, are not contesting this appeal. Therefore they will be referred to by name instead of as appellees.

The essential facts out of which the questions to be decided arose are as follows: William Schild was largely indebted to the appellants as well as to appellees. He had also been indebted to Mrs. E. E. Wilkes. He had made her a deed absolute in form to his large landed property consisting of several tracts situated in this state, among which was Bentwood Place, consisting of about nine hundred acres. Schild later made said Bolin a deed of trust to all said property so deeded to Mrs. Wilkes, which he claimed he had a right to redeem from Mrs. Wilkes. By the terms of his deed he conveyed to said Bolin, as trustee, all said property with the power to employ attorneys to recover same from the said Mrs. Wilkes, and to advance and spend whatever money was necessary to that end, and to preserve the estate; and it provided that the proceeds of the property so to be recovered be devoted to the payment of the expenses incurred thereabouts; to the repayment of all moneys advanced necessary to carry out the trust; the payment of the indebtedness of appellee, Buckingham Dry Goods Company, and attorneys' fees incurred in recovering said property. And said debt, attorneys' fees, expenses, and moneys advanced were made a charge by the terms of said deed of trust upon said property which might be recovered.

Appellants, as creditors of said William Schild, filed their separate bills in the chancery court of Holmes county against said Schild and Bolin, setting out the amount of their respective claims against said Schild, and his nonresidence, as well as that of said Bolin, and prayed for and had attachments in chancery as provided for in sections 536 to 541, inclusive, Code of 1906 (Hemingway's Code, pars. 293 to 298, inclusive), which attachments were levied upon said Bentwood Place.

The defendants in those cases upon proper application had them removed into the Federal district court sitting at Jackson in the southern district of this state. The case of appellant, First National Bank of Canton was on its motion remanded to the chancery court of Holmes county upon the ground that the jurisdictional amount required by the Federal statute was not involved. Those three cases were still pending when this case was tried in the court below: that of appellant, First National Bank of Canton, in the chancery court of Holmes county; that of appellant's Bank of Durant and People's Bank of Durant in the Federal district court at Jackson in this state.

Appellees John H. Poston and Buckingham Dry Goods Company, some time after appellants had brought their said bills, filed their bill in the chancery court of Holmes county against said William Schild and E. E. Bolin, trustee, and appellants claiming to be creditors for large amounts secured by said deed of trust on the entire estate of said William Schild, including the Bentwood Place, alleging that their lien or charge upon said estate for the payment of their claims was superior to that of appellants by virtue of their said attachments in chancery.

Appellants answered said bill disclaiming any knowledge in their answers of the indebtedness claimed by appellees against said William Schild, and averring that if there was any indebtedness it had been fully paid off and discharged; that said deed of trust was entered into by the parties thereto to hinder, delay, and defraud the creditors of said William Schild, among whom were appellants; that said deed of trust was champertous, and

furthermore, that if any indebtedness was due from said William Schild to appellees secured by said deed of trust, such security was subordinate to the liens of appellants for the security of their indebtedness acquired by said attachments in chancery. To these cross-bills appellees demurred, which demurrers were sustained by the court, and said cross-bills dismissed, and appellants granted an appeal to settle the principles of the cause.

(1) Appellants argued that this appeal granted under section 35, Code of 1906 (Hemingway's Code, par. 10), to settle the principles of the cause, was authorized by *Railroad* v. *James,* 108 Miss. 656, 67 So. 152; *Norris* v. *Burnett,* 108 Miss. 378, 66 So. 748. It was distinctly held in *Norris* v. *Burnett, supra,* that under the statute in question the chancellor is authorized to grant an appeal from a decree sustaining a demurrer to a bill. And it was held in *Railroad* v. *James, supra,* that a typical case for granting an appeal from an interlocutory decree to settle the principles of the cause is presented where the defendant claims, and the chancellor holds, that the court is without jurisdiction to grant the relief sought by the suit. *Bierce* v. *Grant,* 91 Miss. 791, 45 So. 876, relied on by appellees, in so far as it sustains a contrary view, was expressly overruled in *Railroad* v. *James, supra.* We are of the opinion that under the statute the granting of this appeal was within the discretion of the chancellor, and that such discretion was not abused in its granting.

(2) There appears to be little difficulty about the other question in the case; that is whether the chancery court on the original bill and the appellants' answers and cross-bills should have assumed jurisdiction of the entire subject-matter for the purpose of adjudicating the conflicting claims and priorities of the parties with respect to said Bentwood Place, a part of the trust estate conveyed by said deed of trust, and which was levied on by appellants' attachments in chancery for the purpose of enforcing the payment of their indebtedness. Neither the case of the appellant First National Bank of Canton, pending in the chancery court of Holmes county, nor of

the Bank of Durant or of the Peoples Bank of Durant, pending in the Federal district court at Jackson, is competent to settle these questions, because the necessary parties are not before the court in either of those cases. If appellants succeed in those cases, it will only mean that their indebtedness is established against said William Schild, and that they have liens on the Bentwood Place for the payment thereof by virtue of their attachments in chancery. The court in neither of those cases for the reason stated can determine the question as to whether such liens are prior to that of appellees' under said deed of trust. On the other hand in the present case all parties in interest as well as said deed of trust are before the court, and furthermore a court competent to adjudicate all of their conflicting claims and rights; in other words, a court competent to dispose of the whole subject-matter of the litigation. And in so doing the chancery court will not interfere with the jurisdiction of the Federal court in any manner whatever, because as stated the Federal court has not the necessary parties and subject-matter before it to adjudicate their respective claims and priorities.

It appears clear that the chancery court should have retained appellants' cross-bills. If what they allege in said cross-bills be true, they are entitled to a decree for their indebtedness and a prior lien on the Bentwood Place to that of appellants for the payment of said indebtedness. On the other hand, if appellees should establish the allegations of their bill they are entitled to a decree establishing their indebtedness as claimed, and a lien on said Bentwood Place for its payment, prior to that of appellants. In the meantime, if appellants should see fit to proceed with their said causes in the Federal court and in the chancery court of Holmes county, there can be no interference with the rights of the parties in this cause, because in those cases as stated the conflicting priorities claimed by the parties on the Bentwood Place for the payment of their respective claims cannot be adjudicated.

*Reversed and remanded.*