H. H. HANSELL & BRO. v. WILLIAM H. FORBES, Admr., &c.

EXECUTOR AND ADMINISTRATOR: COMMISSION OF INSOLVENCY: PRESENTATION
OF CLAIMS.—The probate and registration of a claim against a decedent, as prescribed in the Act of 1854 (Session Acts, p. 66), is not a sufficient presentation of it to the Commissioner of Insolvency.   The creditor must actually present the claim to the Commissioner, within the time limited by law, or it will be barred.

Appeal from the Probate Court of Adams county.   Hon. Reuben Bullock, judge.

*Freeman* and *Dixon* and *J. S. B. Thacher*, for plaintiffs in error.

*Ralph North* and *G. M. Davis*, for defendants in error.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Probate Court of Adams county.

It appears that the estate of Samuel Baird, deceased, having been declared insolvent, the clerk of the court was appointed commissioner, under the provisions of the Act of 1848, and made his

report within the time limited. That he omitted to include in his report two claims of the appellants, which had been duly proved and registered in said court, prior to the declaration of insolvency under the provisions of the Act of 1854, p. 67. It being admitted that the creditors failed to present their claims to the commissioner before the report was made, the question is, whether it was the duty of the commissioner to examine the registry, and to report the claims registered, without any further act on the part of the creditors.

Under the law as it stood prior to the Act of 1854, above quoted, the creditors were required to bring forward their claims, within the time appointed by the court; otherwise the commissioner could not notice them, or bring them to the notice of the court. The Act of 1854 is entirely silent on this subject, and the inquiry must be, whether the mere fact of the clerk registering the claims in a book which is part of the record of his office, imposes upon him the duty of taking notice of these claims in the future administration of the estate.

The registry is but the mode appointed by law of proving and preserving the proof of claims. They are as much under the control of the creditor after the registry, as they were before, and may be sued on, reduced to judgment, and the character of the claims entirely changed.

The claim may have been an open account when proved and registered, but this is no evidence that it so continued, and was the same description of claim, or even a claim at all, at a subsequent period, for the reason named, that the creditor may have sued on his claim, and reduced it to judgment, or may have failed in establishing it by suit. The question is, whether the commissioner omitted to report claims, which were shown by the creditors to exist before the report was made ? The creditors assume the affirmative of this proposition, and point to the registry to sustain them. The registry was good for the purpose only for which the law intended it, to confer upon the executor or administrator authority without further proof to make payment, as well as to operate as a presentation of the claim. But it is no proof that a claim which was then an open account so continued, or that it had not been discharged.

We are therefore of opinion, that it is still the duty of creditors to present their claims to the commissioner, and that he can only report upon such as are thus presented. Any other rule would lead to mistrust, and would produce greater evil than can possibly arise from the hardship of an individual case.

Decree affirmed.