GEORGE W. GIBBS *v.* WM. H. SIMS' ESTATE.

1. ESTATES OF DECEDENTS: WHEN DECLARED INSOLVENT NOT NECES SARY FOR CREDITOR WHO HAS PROBATED AND REGISTERED HIS CLAIM TO FILE THE SAME WITH THE CLERK.—The creditor of an insolvent estate, who, before the declaration of insolvency, had probated and registered his claim under the general notice to creditors, is not bound under the provisions of art. 101, page 449, of Revised Code, to make a formal presentation of his claim to the commissioner of insolvency ; under the notice in insolvent proceedings under the statute of 1848, the rule is different.

APPEAL from the Probate Court of Hinds county.   Hon. R. N. Hall, judge.

*Johnston & Johnston* for appellant.

The act of 1857, under which this estate was administered, directs, that when an estate is shown to be insolvent, the clerk of the court (who is ex officio a general commissioner in insolvency) shall give notice for six months, requiring creditors to " *come forward, and have their claims duly probated and registered in the registry kept by the clerk,*" and furthermore pro-

vides that any creditor who does not do so, shall lose his claim. (Revised Code of 1867, p. 449.)

Appellant, however, had done all this before the decree of insolvency was made. , His claims were long before probated and registered under the eye of the commissioner, in the only register of claims kept by him. We contend that this was a full compliance with the demands of the insolvency notice, and entitled appellant to have his claims inserted in the report. What did the notice demand of him, as a condition precedent to his right for a *pro rata* share of the assets? Why, simply, that he should *probate* his claims, and spread them on "the register kept by the clerk." All this had been done. There was the register, kept by the clerk—always before him—and showing, on its face, a registration of appellant's claims, duly made; and it was the duty of the clerk, acting as commissioner, to bring those claims forward in his report. The claims were in a daily and constant course of *presentation* to him, during all the time the proceedings of insolvency were progressing. What more was required by the law? Absolutely, nothing! What was the object of the law? Evidently, to require that all creditors in the country, should establish and register their claims, on the general register kept by the clerk, in order that, by examining that register (always in his keeping) he might, at all times see *who* were creditors, and *what* were their claims, and that he might thus know what persons were entitled to a pro rata share of the insolvent estate. Certainly, the *spirit* of the law was satisfied by the probate and registration of our claims. Under the requirements of the notice, the *letter* of the law was satisfied; and it is, at all events, undeniable, that every consideration of justice and fair dealing indicates that the claims of appellant are entitled to their share of the assets.

The second registration of appellant's claims, it will be perceived, occurred before the report of claims was made and presented to the court. We admit that this second registration was a work of supererogation. The rejection of appellant's claims from the report was on the sole ground that the same had not been formally presented, from the register, to the clerk

who kept that register, and acted under the law, as ex officio commissioner of insolvency.

Having examined the former adjudications of this honorable court, touching the single question presented in our assignment of errors, and intending to argue the point fairly, we now call attention to the case of *Hansel & Bro.* v. *Wm. H. Forbes*, Administrator, &c. (IV. George, 42). We admit that, at the first view, that case seems to be an authority against our view of the question presented, but when we come to examine it carefully, we find that it is not so.

The case above cited, was an adjudication under the *act of* 1848. (Acts of 1848, pp. 158 and 159.) The case now under consideration, was an adjudication under the Rev. Code of 1857, p. 449. The two acts are essentially different in their requirements as to what creditors are required to do, under the notice, in reference to their claims.

By the act of 1848, above cited, creditors were required to "*file their claims against the insolvent estate, probated according to law,* WITH THE CLERK *of the Probate Court, by a day stated in the notice.*" Under that statute, the case of *Hansel & Bro.* v. *Forbes*, was adjudicated.

By the law of 1857, contained in our Rev. Code, and under which the case now under consideration is to be decided, the creditors, by the terms of the notice, were required to "*come forward and have their claims* DULY PROBATED *and registered* IN THE REGISTER KEPT *by the clerk,*" in default of which the claim shall be barred.

There is, therefore, a wide difference between those two statutes. Appellant, as a creditor, had, before the notice, done all that the notice called upon him to do, viz.: He had duly probated his claims and had them entered on the register kept by the clerk. What could be effected by *another* probate and registration? Does the act of 1857 require that? Is it not an absurdity to so consider the act?

No counsel for the appellee.

PEYTON, J., delivered the opinion of the court.

George W. Gibbs v. Wm. H. Sims' Estate.

It appears from the record in this case, that the estate of William H. Sims, deceased, was duly administered in the Probate Court of Hinds county. And that in the course of administration it was, on the 6th day of February, 1866, duly declared insolvent; that the time for presenting claims against said estate, under the decree of insolvency, expired on the third Monday of April, 1867; and that the clerk made out, on the 3d day of July, 1867, a statement of certain claims for a pro rata participation of the assets of said estate, and reported the same to the court, omitting the claims held by the appellant, which were a note made by the deceased for $1,503.95, duly probated and registered in the register kept by said clerk, on the 6th day of February, 1863, and an open account for $103.26, which was likewise duly probated and registered on the 6th day of February, 1863; and the said note and account held by the appellant against the estate of said decedent as aforesaid, were again registered on the 25th of June, 1867.

At the August term of said court, 1867, the appellant excepted to said report of claims, on the ground that his claims against the estate, having been previously probated and registered in the register kept by the clerk, were not included in the report. Also Mrs. Anna M. White, executrix of the last will and testament of said decedent, at the same time excepted to said report, on the ground that it does not embrace all the claims which had been duly probated and registered by the clerk in the register of claims kept by him for that purpose. The exceptions were overruled by the court, and the report confirmed. To which decree of the court, overruling said exceptions and confirming said report, excluding appellant's claims from a pro rata share of the assets of decedent, the appellant excepted, and took an appeal to this court; and assigns for error, the rejection of his claims on the ground that the same had not been formally presented to the clerk as commissioner of insolvency.

The statute under which these proceedings were had, provides that when an estate is reported insolvent, the Probate Court shall order the executor or administrator to give six

months' notice thereof, by publishing such notice in some newspaper printed in the county, or in some convenient county, in which notice creditors shall be notified to come forward and have their claims duly probated, and registered in the register kept by the clerk; and any creditor who shall not register his claims by the day stated in the order of publication, not to be less than twelve months from the date of the first publication, shall be forever barred. And when the time for presenting claims has elapsed, the clerk shall make out a statement of all the claims registered, specifying each claim, and the amount thereof. And the court shall thereupon cause notice to be published in some newspaper printed in the State, for at least three successive weeks, that at the next, or some succeeding term, the claims will be taken up for examination and allowance, and that all creditors are requested to attend; and at the time appointed, the court shall proceed carefully to examine into the validity of each claim, and may require such as may seem doubtful to be established by competent evidence, and may reject in whole or in part, any claim which is not well founded; and the executor or administrator, or any creditor, may object to the allowance of any claim. Rev. Code 449, art. 101.

This case involves a construction of the above-mentioned statute, which is different from the statute of 1848, which requires the creditors of an insolvent estate to file their claims against the estate, probated according to law, with the clerk of the Probate Court, whose duty it shall be to report the claims, thus filed with him, to the court, at its next regular term, when the court shall give notice to creditors and others interested in said estate, to appear in said court, at some succeeding term thereof, to show cause why said report should not be allowed. Pamphlet Acts of 1848, p. 158, sec. 5.

Under this last named statute, this court has decided in the case of *Hansell* v. *Forbes*, 33 Miss. 42, that unless such claims were filed with the clerk before the expiration of the time, given in the notice to creditors, for probating and registering the same, the clerk is not required to report the claims omitted to

be filed with him to the court although they may have been duly probated and registered in his office.

The statute of 1857 does not require (as that of 1848 does) that creditors shall probate and *file* their claims with the clerk, but that they shall have their claims duly probated and registered in a register kept by the clerk. And when the time for presenting claims has elapsed, the clerk shall make out a statement of *all* the claims registered. To enable him to do this, it is very evident that he must resort to his register, and it is from that equally evident he must make out his statement which is to include *all* the registered claims. Any statement that does not embrace *all* the claims registered would not be in compliance with the requirements of this statute, and cannot, therefore, be sustained.

In such cases the ordinary course pursued by creditors is, to present their claims within the proper time to the clerk and have them, after they are probated and allowed, registered in his office; and after this is done, they usually retain them in their own possession, as they are not required to be filed with the clerk. It is not, therefore, to be presumed that the clerk, when he makes out his statement of the registered claims against the estate, for the information of the court, has all the claims themselves in his possession, and he must, necessarily, in making out his statement of all the claims registered, have recourse to the register kept by the clerk. When this statement is made out and reported to the court, notice is given to the creditors of the time when the claims will be taken up for examination and allowance. It then becomes the duty of the creditors to appear and sustain their claims, thus registered, by producing to the court the evidence of existing indebtedness on the part of the estate to them, and support the same when doubtful or contested, by the necessary and proper proof. In this way, justice may be more certainly done to all parties interested in the estate.

We think the language and meaning of the statute, as well as the ends of justice, require this construction.

And as the statement of the claims against said estate, made out by the clerk, and reported to the court, does not embrace

the claims of the appellant, which had been previously probated and registered, we think the court erred in overruling the exceptions and in sustaining the report.

The decree will, therefore, be reversed, and the cause remanded for further proceedings in the court below, in accordance with this opinion.