A. GREENER ET AL. *v.* J. M. NEAL, ADMR., ETC.

ESTATES OF DECEASED PERSONS. *Insolvency proceedings. Presentation of claims.* Under Code 1880, ∂ 2059, which restores the rule declared in *Hansell* v. *Forbes,* 33 Miss. 42, a claim against an insolvent estate, although registered, is not to be embraced in the list of claims allowed, unless filed with the clerk of the court by the day named in the notice for examination.

APPEAL from the Chancery Court of Chickasaw County.

HON. BAXTER MCFARLAND, Chancellor.

In the matter of the estate of G. S. Neal, deceased, the administrator, J. M. Neal, filed a petition on May 21, 1883, showing that debts aggregating more than eight hundred dollars and including the appellant's account were contained in the register of claims against the estate, which consisted of two hundred and seventy-

eight dollars in the administrator's hands.   Next day the estate was declared insolvent upon the basis of the legality of these claims, and it appearing that, upon the granting of letters of administration, notice was given to creditors to probate their claims, the court ordered a notice to be published for three weeks to creditors to present and file their claims with the clerk of the court, at or before the next term, for examination and allowance.   Notice was published accordingly.   At the November term, 1883, the matter came up for hearing on the examination and allowance of claims, and was referred to the clerk to ascertain the *pro rata* dividend and report. He reported at once a list of claims to the amount of five hundred and ninety dollars which were on file, and stated that, deducting expenses, the estate would pay thirty per centum.   The court then, declaring that only certain specified claims had been filed with the clerk, according to law, in compliance with the publication, decreed that the administrator should make distribution of the funds on hand *pro rata* among the creditors named in the list whose claims were allowed by the decree, and the share to be paid each was set opposite the claim.   From this decree of distribution the appellants were excluded, although their claim was registered in this court, in which the letters of administration were granted, within one year after the first publication of notice to creditors to present their claims.

*McIntosh, Williams & Orr,* for the appellants.

Appellants' claim, having been registered and allowed and decreed to be legal, should not have been excluded from the distribution merely because it was not filed with the clerk.   In the case of *Gibbs* v. *Sims,* 41 Miss. 706, and *Powell* v. *Cooper,* 42 Miss. 221, the court held that Code 1857, p. 449, art. 101, did not require presentation of a probated claim.   The statute under which the case of *Hansell* v. *Forbes,* 33 Miss. 42, was determined required presentation in terms.   Acts 1848, p. 158, § 5.   But § 2059, Code 1880, is substantially like the statute construed in the two later cases, and should receive the same interpretation.   The register of claims contains an abstract of all debts probated against an estate.   Inspection of the account itself can afford no further information.   It is not

entirely safe to leave valuable claims with a clerk ; he might allow them to be lost or destroyed.

No counsel for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

Under § 2059, of the Code of 1880, a claim against an insolvent estate, not filed with the clerk of the court as required, is not to be embraced in the list of claims allowed. The effect of the requirement to file the claim with the clerk was to restore the rule declared in *Hansell* v. *Forbes*, 33 Miss. 42. Registration is a sufficient presentation of a claim to the executor, administrator, or collector, but when an estate is declared insolvent, and notice is published of a day for creditors to attend, their claims, although registered, must be filed with the clerk by the day named in the notice, so that the examination into the validity of each claim contemplated by the statute may be made.

*Decree affirmed.*