Merchants' & Farmers' Bank *v*. Kelleher.

[80 South. 697, Division A.]

Executors and Administrators. *Time for filing claims. Preferential claims. Insolvent estate.*

The provisions of section 2117 of the Code of 1906, requiring that: "All claims must be filed with the clerk by the day named in the notice," is mandatory and claims for the expenses of the last sickness and funeral cannot be allowed except out of any surplus that might remain after paying those claims which were filed, unless such preference claims be duly filed by the day named in the notice as required by the statute although such claims are preference claims under the provisions of section 2113 of the Code of 1906 (Hemingway's Code, section 1781).

Appeal from the chancery court of Lauderdale county. Hon. G. C. Tann, Chancellor.

Proceeding for allowance of claim of Merchants' & Farmers' Bank, against the estate of C. Phillips, deceased. After order taken by W. J. Kelleher, ad-

ministrator, disclosing estate insolvent, from an order preferring other claims, to the exclusion of the Merchants' & Farmers' Bank, it appeals.

The facts are fully stated in the opinion of the court.

*McBeath & Miller,* for appellant.

Section 2117, Code of 1906, reads as follows: "When the time for probating and registering claims has elapsed, the court shall cause notice to be inserted in some newspaper published in the state for three successive weeks, that at a time fixed the claims will be taken up for examination and adjudication; that all claims must be filed with the clerk by the day named in the notice and that all creditors may attend. At the time appointed, the court shall examine into the validity of each claim filed with the clerk, and the executor or administrator or any creditor may object to any claim and the court shall hear evidence in support of the objection, and shall allow any claim that should be allowed, and shall reject in whole or in part any which is in whole or in part not well founded. A claim, unless filed with the clerk by the day named in the notice, shall not be allowed, but those not filed with the clerk shall not be barred as to any surplus that remains after paying in full those filed."

The claims that appellant objects to being paid as preferential were all duly probated, but according to the ruling of the learned chancellor it was not necessary for them to comply with section 2117 and file their claims with the clerk. Note the peculiar wording of the section: "All claims must be filed with the clerk by the day named in the notice," etc. Again in the latter part of said section, we find this: "A claim, unless filed with the clerk by the day named in the notice, shall not be allowed but those not filed with the clerk shall not be barred as to any surplus that remains after paying in full those filed."

While section 2113 makes expenses of last illness and funeral expenses preference claims, yet to hold that these claims do not have to be filed with the chancery clerk when estate is declared insolvent is writing some new law on the statute that was not intended by the codifiers. If it was the intention to have these claims paid without submitting them to the clerk for examination and adjudication, then the law would have made the exception as does section 2113, Code 1906, whereby funeral expenses and expenses of last illness are made preferred claims.

We submit that this case should be reversed and the administrator directed first to pay claim of Drs. Hart & Pigford of eighty dollars and then pay appellant's claim. The H. C. Smith Undertaking Company and McCorkle Drug Company having slept on their rights in not filing their claims with the clerk.

*A. S. Bozeman* and *B. F. Cameron,* for appellee.

All of the claims in question were duly probated within the time prescribed by statute and the notice to creditors to probate claims, and the question seems to be this: Whether or not the provision in section 2117, that ''a claim, unless filed with the clerk, by the day named in the notice, shall not be allowed, but those not filed with clerk shall not be barred as to any surplus that remains after paying in full those filed,'' is mandatory and requires that the claim of appellant and Meyer Brothers shall be paid first in full before any payment it made of preferred claims for expenses of last illness and funeral, which were duly probated and presented to the court for allowance on the hearing, but were not filed with the clerk on or before the day fixed in the notice for the filing of such claims.

The chancellor was of the opinion that since the preference claims were duly probated and were presented and proved at the hearing, that it was his duty

to have them first paid, notwithstanding the failure of the creditors to file them with the clerk on the day named in the notice.

The case of *Greener* v. *Neal,* 61 Miss. 204, construing section 2059, Code 1880, seems to support the contention of the appellant, though not cited by him, but differs from the case at bar in that the claims here allowed in preference to the claim of appellant are claims which are directed by section 2113 of Code 1906, to be first paid in case of insolvent estate.

Construing these two sections together, 2113 and 2117, it was the opinion of the chancellor that since these preference claims had been duly probated and were presented in fact and established at the hearing that it was his duty, under section 2113 to direct that the preference claims should first be paid. While the administrator would like to see the funeral expenses and the expenses of the last illness paid, at the same time, he has no fight to make for one creditor against another, and he filed this brief merely, if possible, to aid the court in understanding the case, and submits the matter to the court's judgment.

*Jacobson & Brooks,* for appellee.

It is the contention of the Horace G. Smith Undertaking Company that it was not necessary for their claim to be filed with the clerk as prescribed in section 2117, which refers to claims against the decedent, for two reasons: First, that funeral expenses is not a claim against the decedent, but is a charge against the administrator of the estate, made after the demise, and recognized as right and just under the customs of society, to give the dead a proper burial. The claim for funeral expenses is not a claim on a contract or debt of the decedent existing before his death. It is a demand of a peculiar nature, arising immediately upon death, but prior to the commencement of administration;

second, with reference to funeral expenses, section 2113, Code 1906, reads as follows: "And if it appear to the court that the estate is insolvent, it shall make an order for the sale of all of the property; and the proceeds of such sale and all other assets shall be equally distributed among all of the creditors whose claims shall be duly filed and established, in proportion to the sums due and owing to them respectively, the expenses of the last sickness, for the funeral, and for the administration, including commissions, being first paid."

Thus, by the wording of the statute, it expressly states that these things shall be paid first, and the residue shall be equally distributed among all the creditors whose claims shall be filed, etc.

Not only then is the charge for funeral expenses a debt of the estate, but it is preferred debt of the first class, and is payable as soon as the executor or administrator has sufficient funds in his hands. It is not a debt arising upon a contract made by the decedent in his lifetime, and therefore is not a creditor's claim, as embraced in section 2117, Code of Mississippi, 1906.

Now, taking the two sections above referred to, and reading them together, they harmonize in every particular; because, in section 2113 it speaks of equally distributing the assets among all the creditors whose claims shall have been filed and established, in proportion to the sums due and owing to them respectively, and then says that the funeral expenses, with other costs of administration, should be first paid. Then when we speak of a claim, in section 2117, when it reads that "a claim, unless filed with clerk by the day named in the notice, shall not be allowed," it means that the claim of the creditors, who shall be paid out of the assets in proportion to the sum due and owing to them respectively, after the charges for the funeral shall have been first paid.

In 18 Cyc., page 549, we find the following: "Both by the common law and the modern statutes the. proper expenses of the decedent's funeral are given preference, in payment out of the assets, over all debts of the decedent; and a like priority is accorded to the legitimate expenses incident to and necessarily incurred in the administration of the estate."

In Crosswell's "Executors and Administrators," on page 316, we find the following under the heading "Priority of Claim for Funeral Expenses:" "As funeral expenses are a preferred claim, the action against an executor or administrator for them may be brought immediately, without waiting for the year to elapse, since it is a claim not affected by the insolvency of the estate." *Studley* v. *Willis*, 134 Mass. 155.

It is our contention that funeral expenses, like attorneys' fees and court costs, are necessary expenses of administration, and the statutes referred to, designedly and by express words, place funeral expenses as prefered claims which are to be paid first, with the other costs of administration before any creditors of the decedent shall share in the assets of an insolvent estate.

The claims which the statute requires to be filed with the clerk by the day named in the notice certainly does not mean the cost or necessary expenses of administration, for such claims are presented to the court by the administrator, for allowance, and by the expressed words of the statute, preferred against the creditors' claim or debt against the decedent. Such claims as funeral expenses can be vouched for by the administrator or executor and the court, and the court so informed, but as to debts and contracts made during the lifetime of the deceased, and which after his death become claims against the estate, are the ones which have to be so carefully scrutinized, and it is for this reason that on the wisdom of the statute, when the estate is insolvent that it requires such claims after due notice, to be filed with the clerk, so that they may be examined into

as to their correctness and as to their validity, so that no creditor will be prejudiced thereby.

Funeral expenses is the debt arising after the demise and the debt with which the executor or administrator is familiar, and can thus advise the court without any contests among the creditors.

It is our further contention that funeral charges are . by statute made a preferred claim and is not such a claim that should be filed or probated in any way, as the statute directs for claims against the decedent.

Holden, J., delivered the opinion of the court.

C. Phillips died intestate in Lauderdale county, leaving a small estate; his debts exceeding the value of the estate. An order was taken by the administrator declaring the estate insolvent, and notice was given to the creditors to file their claims for examination, as required by section 2117, Code of 1906 (section 1785, Hemingway's Code). The claim of appellant for seventy-one dollars and twenty-five cents was duly filed with the clerk under said notice. At the time appointed by the court to examine into the validity of the claims filed with the clerk, other claims amounting to more than two hundred dollars, which were accounts due for the expenses of the last sickness and funeral of the deceased, were presented and allowed by the chancellor as preference claims over the common claim of appellant. The amount of the preference claims allowed exhausted the estate, leaving nothing in the hands of the administrator with which to pay the claim of the appellant herein. The said preferred claims allowed were not filed with the clerk by the day named in the notice, as required by said section 2117, but the chancellor allowed these claims at the hearing because they were preference claims under section 2113, Code of 1906 (section 1781, Hemingway's Code), and from this order allowing the preference claims this appeal was taken.

The requirement of said section 2117, Code of 1906, "that all claims must be filed with the clerk by the day named in the notice," and "a claim, unless filed with the clerk by the day named in the notice, shall not be allowed, but those not filed with the clerk shall not be barred as to any surplus that remains after paying in full those filed," is mandatory, and is applicable in the case before us. The claims for the expenses of the last sickness and funeral cannot be allowed, except out of any surplus that might remain after paying those claims which were filed, unless such preference claims be duly filed by the day named in the notice as required by the statute. Therefore the preference claims allowed in this case by the lower court can be paid only out of the surplus, if any, after the claim of appellant, which was duly filed, has been fully paid. The question here involved is settled by the statute, and also by the case of *Greener* v. *Neal,* 61 Miss. 204.

The decree of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*