MAXEY *et al.* v. GOOLSBY.

(In Banc. Dec. 3, 1923.)

[98 So. 99. No. 23342.]

1. APPEAL AND ERROR. *Appeal to settled principles of case lies from order sustaining demurrer without dismissing bill.*

Under section 35, Code of 1906 (section 10, Hemingway's Code), providing for appeals to settle the principles of the case, the chancellor may grant an appeal to settle the principles from an order sustaining a demurrer without dismissing the bill. *Norris* v. *Burnett*, 108 Miss. 378, 407, 66 So. 332, 748, cited.

2. EXECUTORS AND ADMINISTRATORS. *Insane persons. Under statute claims must be refiled with clerk of chancery court for adjudication; judgment as to priority of claims cannot be collaterally attacked.*

Under section 1785, Hemingway's Code (section 2117, Code of 1906), all claims against the estate of the decedent or of a *non compos mentis* declared insolvent must be refiled and presented for adjudication as to validity and priority on the day named in the notice, and if not so presented and allowed will be subordinated to those presented and adjudged to be valid. The judgment of the court on such hearing is final and binding unless appealed from, and cannot be collaterally attacked except for fraud or mistake.

APPEAL from chancery court of Union county.

HON. A. J. MCINTYRE, Chancellor.

Bill by Joe A. Maxey and others against J. E. Goolsby, guardian of the estate of C. A. Patton. Judgment for defendant, and plaintiffs appeal. Suggestion of error sustained, and judgment affirmed.

*G. L. Jones,* for appellants.

Appellants' claims were rejected alone on the ground that said claims had not been filed with the clerk after notice of insolvency, and at the time fixed for examination and adjudication of said claims. Appellants contended that their claims having been duly filed with the clerk and registered and allowed as required by law, that it was not necessary to refile their claims with the clerk in order to share in the estate in the hands of the guardian. Section 1771 of Hemingway's Code, now amended, requires notice to be given to creditors. This being the estate of a lunatic, required the guardian to handle it as an executor or as an administrator.

Section 1781, of said code, prescribes how insolvent estates shall be administered and if said estate is insolvent the proceeds of the sale of the property and other assets shall be equally distributed among all the creditors whose claims shall be duly filed and established. Section 1784 of said code, says if an estate is declared insolvent and publication of notice to creditors have been made to probate and register their claims, another publication of notice may not be made.

Section 1785 of said code, gives the manner of notice, of filing, examination, and adjudication of claims in insolvent estates. The said claims must be filed with the clerk and at the date fixed; examined and adjudicated, and section 1784 says claims must be presented, probated and registered. Section 1875 says claims must be filed with the clerk, but makes no mention that claims must be refiled.

Appellants had registered, probated and filed their claims with the clerk, and should have been allowed to prorate in said insolvent estate. There could be no good reason for refiling a claim which had already been filed and was then on file at the time of hearing. The legally probated claims of appellants should have been allowed.

If the first filing of appellants' claims was not sufficient the court should have permitted said claims to have been refiled. The court has power to continue a hearing upon claims against an estate or to extend the time fixed for hearing claims. *Keifer Brothers* v. *Bank,* 105 Miss. 662. The bill charges fraud and this part of the bill should have been answered, denying the fraud. *Washington* v. *Soria,* 73 Miss. 666; *Hentz* v. *Delta Bank,* 76 Miss. 429.

The claims excepted to by appellants are void and fraudulent and the court could not give them validity. These claims had not been registered and probated as required by the statute. This is mandatory and the guardian had no authority to pay them. *Chairs* v. *Chairs,* 81 Miss. 662; *Lehone* v. *Power,* 95 Miss. 446.

An action cannot be maintained on a barred claim and the clerk nor the court can revive it, and the court cannot assume the justice or correctness of a claim until it is legally probated. *Johnson* v. *Success Brick Company,* 93 Miss. 169; 112 Miss. 524; 112 Miss. 643.

*Stephens & Stephens,* for appellee.

In November, 1920, one C. A. Patton, a merchant in Union county was adjudged a lunatic and was confined in the Insane Asylum. Under an order of the chancery court J. E. Goolsby was appointed guardian of his estate, and duly qualified as such.

Notice to creditors to file their claims was given. Later, after the claims had been filed and it had developed that the indebtedness largely exceeded the assets, the court entered a decree declaring the estate to be insolvent. After the time for filing claims had expired, and after the estate had been declared insolvent, notice to creditors was

given under section 1785, Hemingway's Code, fixing October 26, 1921, as the date for the examination and adjudication of claims.

After the second notice to creditors, most of the creditors who had probated their claims, filed their claims as required by the statute and said notice.  Appellants failed to do this.  The date of the filing of appellants' claims, as shown by the marking of the clerk, was more than two months after the adjudication of the matter by the court —the decree of the court is dated October 28, 1921, and the claims were filed with the clerk December 29, 1921.

Appellants filed their bill April 15, 1922.  A demurrer was filed by appellees and was sustained by the court.  The bill alleges that "petitioners thought their claims would be allowed."  Their thinking so did not change the law; probated claims are still required to be filed with the clerk in cases of this kind.  Counsel for appellants says: "There could be no good reason for refiling a claim which had already been filed, and was then on file at the time of the hearing."

"Good reasons" for requiring a probated and registered claim to be filed with the clerk are given in *Hansell* v. *Forbes,* 33 Miss. 42.  The difference between "registering and probating" a claim and "filing it with the clerk" under the statute now being considered, is strongly set out.  The case of *Greener* v. *Neal,* 61 Miss. 204, is to the same effect.  In the recent case of *Bank* v. *Kelleher,* 119 Miss. 239, Justice HOLDEN said, "the question here involved is settled by the statute, and also by the case of *Greener* v. *Neal.*"

We earnestly insist that the provision requiring claims to be filed with the clerk after an estate is declared insolvent is mandatory; and, for that reason appellants had no standing in court.  Also, that appellants have no ground of complaint, even though certain claims may have been improperly allowed, for the reason that, with those claims disallowed, there would have been no surplus in which appellants might have shared.

Again, that in view of the fact that the bill shows on its face that no fraud was committed against them, or to say the least of it, does not allege any facts showing fraud; and further, in view of the authorities cited, we insist that an answer denying fraud was not necessary.

Brief of *G. L. Jones,* for appellants, on Suggestion of Error.

Our contention is that the chancery court had the right and the power to grant the appeal in this case, to settle the principles of the cause, as granted in the decree. Under section 10, Hemingway's Code, there are four conditions under which an appeal may be granted, and the third one is when the court may think proper to settle the principles of the cause. We should perhaps have had the decree to also state the fourth condition which it to avoid expense and delay.

If the principles involved in this cause are against the appellant, there will be no further use of expense and delay in litigating their claims. The right of appellants' appeal is settled by the statute in granting appeals to settle the principles of the cause. This is evidently both the letter and the spirit of the law, as provided in section 10 of Hemingway's Code. It is a wide provision in the statute, and its purpose is to save expense and delay, and that the court may be advised as to the controlling principles of the cause.

The right of appellants' appeal is also clearly settled in the case of *Norris, et al.* v. *Barnett,* 108 Miss. 378, or 66 So. 748. In this case, now before the court, as in the Norris case, the decree not only sustains the demurrer but grants an appeal to settle the principles of the cause.

The case of *Barrier* v. *Kelly,* 81 Miss. 266, cited and relied on by the court, has no such application to this appeal as the case of *Norris* v. *Barnett,* above cited. The *Barrier* v. *Kelly case,* appears to ignore or overlook the right of granting an appeal to settle the principles of the cause, as allowed by the Statute. The court also appears to have overlooked this right. The trouble in the Barrier

case was that the appellant was granted an appeal and also the right to amend his bill. It has been held by our supreme court in the case of the *Yazoo R. Co.* v. *James,* 108 Miss. 656, that if the chancellor fails to grant an appeal to settle the principles of the cause, the appeal may be granted by the supreme court.

The appeal was rightfully obtained under section 10, Hemingway's Code, and we respectfully submit that the decree dismissing said appeal ought to be set aside, and the principles in said cause settled by the court.

ETHRIDGE, J., delivered the opinion of the court.

## ON SUGGESTION OF ERROR.

The appellants constituting a number of creditors of C. A. Patton, whose estate was being conducted under guardianship proceedings, he having become a lunatic, filed their bill in the chancery court, setting up that they were creditors and that they had filed, registered, and probated their accounts against the estate of Patton, which said accounts were made exhibits to the bill. They alleged that the first notice to creditors was given December 2, 1920, and that afterwards the estate of said Patton was declared insolvent and notice was given by publication for creditors to file their claims with the clerk of the chancery court by the 26th day of October, 1921, for adjudication of the same by the court; that the notice so published gave no notice that claims should be refiled with the clerk by that date; that petitioners thought that their claims being on file with the clerk, having been registered, probated, and allowed, entitled them to share in the said estate; that petitioners, except Maxey, then without counsel, thought their claims would be allowed and that they would be allowed to share in the estate, and that if it was necessary that their claims would then be refiled, but their claims were resisted on the ground that the said

claims had not been refiled by the 26th day of October, 1921; that the claims of Maxey and the Western Hosiery Company were on file, and had been properly registered and allowed, and that the claims of other of the complainants named in the bill had been probated, registered, and allowed but were defective in proof, which defects have been amended so as to show that the said claims were not usurious, and all of the claims have been filed again. It further alleged that the claims which were refiled against the estate of said Patton were so filed without the knowledge or direction of the owners of said claims.

It is further charged that on information and belief that the guardian of the estate caused to be presented and allowed against the said estate a number of void claims barred by the statute of limitations, and charged that the allowance of the claims so referred to by the court was void, and they pray for their claims to be considered refiled and registered and that they be allowed to prove the said claims and to contest the claims which had been allowed by the chancellor under the insolvency proceedings theretofore. This bill was filed on the 15th day of April, 1922. The order of the chancellor passing upon the insolvency proceedings and claims was entered on the 28th day of October, 1921, which was the day fixed by the published notice for the hearing, said notice requiring the claims to be on file by the 26th day of October, 1921.

The bill was demurred to and the demurrer sustained, and the chancellor granted the decree allowing an appeal to settle the principles of the cause. On the 4th day of June, 1923, the appeal was dismissed, an opinion rendered holding that the appeal would not lie from an order sustaining a demurrer, citing and relying upon *Barrier* v. *Kelly*, 81 Miss. 266, 31 So. 999.

A suggestion of error was filed, and the suggestion continued during the summer adjournment, and, the Judges of Division B disagreeing, the cause was submitted to the full court *in banc*. The suggestion of error cites and re-

lies on *Norris* v. *Burnett,* 108 Miss. 378, 407, 66 So. 332, 748, and a majority of the court is of the opinion that the rule announced in *Norris* v. *Burnett* is applicable and controls here. Whereas the writer hereof is of the opinion that the said case was properly decided on the facts, but is not controlling here for the reason that some of the defendants answered, setting up elaborate defenses in their answer, and still others filed pleas setting up certain defenses, which plea was set down for hearing on its sufficiency and law and adjudged sufficient. It is true, that the statement of the court is that the appeal may be allowed from an order sustaining a demurrer to settle the principles of the cause.

In the view of the writer section 9 of Hemingway's Code (section 34, Code of 1906), providing for an appeal from an order overruling a demurrer by implication, prohibited an appeal from being allowed from an order sustaining one. And section 10, Hemingway's Code (section 35, Code of 1906), providing for the granting of an appeal to settle the principles of the case, contemplates the making up of the pleadings. In other words, when the issues are made up, if they are complicated and uncertain, the court may grant the appeal. And it would have no application to an order sustaining a demurrer, because the plaintiff would have the right to amend and entirely change the case made by the declaration. However, the opinion of the majority controls, and the rule announced in *Norris* v. *Burnett,* 108 Miss. 378-407, 66 So. 332, 748, is the law, and the suggestion of error is sustained, and the cause will be considered upon its merits.

The proceeding here involved is under section 1785, Hemingway's Code (section 2117, Code of 1906), or rather is governed by this section, and this statute has been construed in *Greener* v. *Neal,* 61 Miss. 204, and as construed in that case the creditor must refile his claim for examination and allowance in the insolvency proceedings, and if he fails to refile the claim his claim will not be allowed,

133 Miss.—36

but will only be permitted to participate in any surplusage that remains after paying in full those filed and allowed by the court on that hearing. This holding was also reaffirmed in *Merchants' & Farmers' Bank* v. *Kelleher,* 119 Miss. 232, 80 So. 697. The purpose of these statutes is to have the court pass upon the validity of the claims and to adjudge priorities, and the judgment rendered on such hearing is binding unless appealed from.

In the present case no appeal was taken from the order of the chancellor allowing the claims, and he had jurisdiction to pass upon all the questions sought to be raised in this suit, and his judgment cannot be set aside in this proceeding, the bill not making the proper case of fraud or mistake. When notices of this kind are given, the creditors must take notice thereof and comply with all the requirements of law to establish their rights. Having failed so to do, the appellants are precluded by the judgment from asserting the claims here sought to be established, and the judgment of the court below will be affirmed.

*Suggestion sustained and judgment affirmed.*