## DRAINAGE DIST. No. 1 OF NOXUBEE COUNTY v. EVANS.*

(In Banc. March 31, 1924.   Suggestion of Error Overruled May 12, 1924.)
[99 So. 819.   No. 23452.]

1. DRAINS.   *Claim against drainage district for breach of contract not barred for failure of plaintiff to file in proceeding dissolving district; "creditor;" "claimant."*

Chapter 216, Laws of 1922, authorizing the dissolution of drainage districts under certain conditions, provides, among other things, for the publication of notice to all creditors or claimants against such districts, that all such "creditors or claimants come into court on a day certain, nor earlier than four months after the date of the first publication of notice, and establish their claims against said drainage district, *and all claims against said drainage district, except the claims of bondholders not filed on the return day of said notices in accordance herewith shall be forever barred.*" Section 4.   (Italics ours.)   When said statute was passed, complainant had sued a drainage district for damages for breach of a contract by such district;   thereafter, while said suit was still pending, there was instituted, under said statute, a proceeding to dissolve said drainage district, and under said proceeding, the notice to creditors and claimants against the district, provided for in said statute, was given.   Complainant, in said cause against the district, failed to file his claim in said dissolution proceeding, although his said suit was pending in the same court as that proceeding, but was another cause.   *Held*, complainant's claim was not barred because said statute had no application to pending suits for damages for breach of contracts.

2. DRAINS.   *Law requiring survey of proposed drainage district does not contemplate working plans and specifications for contractor.*

Sections 1692, 1693, and 1694, Code of 1906 (Hemingway's Code, sections 4272, 4273, and 4274), should be construed together in order to determine the character of the services required of the engineer employed by the drainage commissioners by the first section mentioned.   And, so construed, the purpose was to require such survey and estimate of cost as would enable the commissioners, with the advice and skill of the engineer to approximately locate the drainage ditches, and estimate the cost of the proposed improvement.   Working plans and specifications for the contractor digging the ditches were not contemplated.   ·

SMITH, C. J., and ETHRIDGE, J., dissenting.

---

*Headnotes 1.  Drains, 19 C. J., section 30 (1925 Annotations);  2. Drains, 19 C. J., section 90 (1925 Annotations).

Appeal from chancery court of Noxubee county.

Hon. T. P. Guyton, Chancellor.

Suit by T. J. Evans against Drainage District No. 1 of Noxubee County. From the decree rendered, defendant appeals, and plaintiff cross-appeals. Affirmed on direct and cross-appeal.

*Chas. Richardson* and *Baskin & Wilbourn,* for appellant.

The legislature of 1922, by chapter 216, provided a way whereby drainage districts that have once been organized could by petition be dissolved, the final decree of dissolution, however, to come only after all of the debts of the district had been paid. But by paragraph 4 of this bill it was expressly provided that notice should be given to all creditors against the district to come into court on a day not earlier than four months from the date of the notice, and establish their claims against the district, and that all claims against the district not filed on the said date in accordance with the statute should be forever barred. This law is a general law of the state. It is a law whereby a drainage district, a *quasi*-public corporation, may be dissolved, and provision made for such debts as were then unpaid. It is a law similar to the law providing for the winding up of the estates of deceased persons, and the requirement of four months' notice to file and probate claims against the district is analogous to that provision requiring creditors having claims against the estates of deceased persons to file, probate and register their claims within six months after notice. The provision is a reasonable one, necessary to the orderly administration of the affairs of the dissolved district, enacted for the protection of the creditors of the district, having as its purpose the exact ascertainment by a reasonably early date of the definite amount of the valid debts of the district so that provision might be made for their payment.

Doubtless it will be contended that inasmuch as the appellee had filed suit for his claim against the district prior to the enactment of the statute, that it was not necessary for him to appear pursuant to the notice given under chapter 216 of the Laws of 1922 and probate his claim on or before the 23d day of October, 1922. But in answer to this contention we submit that the bill filed by the appellee was fully answered December 10, 1921, before the enactment of the statute and definitely and expressly denied the claim set up in the original bill, and the appellee had not in point of fact exhibited the written instrument which was the very foundation of his claim and the fundamental basis of his right to recover. The filing of his bill therefore was not a sufficient compliance with the statute, since when he filed his bill he did not exhibit therewith his contract or any copy thereof.

There might be some merit in the appellee's contention had he exhibited a copy of his contract and filed it at the time of the filing of his original bill on or before the 23d of October, 1922, the date by which claims were to be filed and proved. But not having done so, it is our contention that the filing of his bill without the exhibit was ineffectual and did not constitute a compliance with the express provision of chapter 216 of the Laws of 1922.

The ruling of the court, however, on this question when it was first presented at the threshold of the trial precluded any fuller development of the point and was, we submit, error on which the case should be reversed.

*Ely B. Mitchell,* for appellee.

Counsel for appellant in his brief claimed that the chancellor erred when he allowed the complainant to amend his original bill and file the contract, Exhibit A, to the original bill. Counsel for complainant thought that this exhibit was filed and did not discover that it

was not filed until motion was made during the trial to amend the answer of the defendant. He at once made a motion to amend his original bill and filed Exhibit A which was the original contract. The court granted the motion. The defendant did not claim surprise, made no application for continuance and no undue advantage resulted from the amendment.

"Amendments shall be allowed in the pleadings and proceedings, on liberal terms, to prevent delay and injustice." Section 353, Hemingway's Code, 1917; *Banks v. Smith*, 107 Miss. 105; *Greenwood Gro. Co. v. Bennett*, 101 Miss. 573.

The law never requires a man to do a foolish act. Then why require a person to file a claim upon which suit has been brought on the same long before the passage of this act. The claim that it is sought to be required to be filed under this act was filed and suit brought thereon long before the passage of this act.

Argued orally by *R. E. Wilbourn* and *Chas. Richardson*, for appellant, and *Ely B. Mitchell*, for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, T. J. Evans, brought his bill in the chancery court of Noxubee county, against appellant, drainage district No. 1 of said county, seeking to recover three thousand and five hundred dollars, charged to have been earned by him under a contract between himself, as engineer, and the commissioners of said drainage district, and also the further sum of two thousand one hundred and fifty dollar damages for loss of profits alleged to have accrued to him because of a breach by appellant of said contract of employment, on account of appellant's refusal to permit appellee to complete said contract. The appellee answered the bill, and the cause was tried on bill, answer, and proofs. A decree was rendered in favor of appellee for three thousand five hundred dollars as compensation for services performed by him in carry-

ing out the first phase of said contract, but denied appellee the balance of the relief prayed for. From this decree, appellant prosecutes an appeal, and appellee a cross-appeal.

Appellee's suit was for damages for the alleged breach of said contract by appellant. While the cause was pending, the legislature passed chapter 216, Laws of 1922, providing for the dissolution of drainage districts, under certain conditions. Section 4 of that act is in this language:

"That, if it appear that said drainage district shall have bonds, certificates of indebtedness, or promissory notes outstanding for the payment of which taxes must be levied, immediately, or through a period of years, the chancery court may retain the commissioners of said drainage district who shall continue to serve as such under the orders of said court, and the provisions of law, until such time as sufficient funds shall have been collected for the payment of all of said indebtedness, and when all bonds, certificates of indebtedness, or promissory notes of said drainage district shall have been paid, or, if no such bonds, certificates of indebtedness, or promissory notes are outstanding, then, as soon as the court shall determine that said drainage district shall be dissolved, the clerk of said court shall give four months' notice by posting, or causing to be posted, a copy of said notice in three public places in the county, one of which shall be at the courthouse, and by publishing said notice in some newspaper published in the county, and if said drainage district is located in two or more counties, then it shall be the duty of said clerk to give the said notice in the same manner in each of the counties in which said drainage district lies.

"Said notice to be addressed to all creditors of, or claimants against said drainage district except bondholders, and commanding all of said creditors or claimants to come into court on a day certain, not earlier than four months after the date of the first publication of notice,

and establish their claims against said drainage district, and all claims against said drainage district, except the claims of bondholders not filed on the return day of said notices in accordance herewith, shall be forever barred."

After the approval of said act, appellant drainage district proceeded in accordance with its terms to dissolve and liquidate its affairs. The notices provided for by section 4 of the act were posted and published as therein prescribed. Appellee failed, during the four-months period fixed by the last paragraph of said section 4 for so doing, "to come into court on a day certain," and establish his claim against appellee. Appellee therefore contends that appellee was barred by the four-months statute of limitation, prescribed by section 4 of said act. On the other hand, appellee contends that said statute of limitation has no application to pending suits on claims of the character of this one against drainage districts.

It will be observed that the last paragraph of section 4 of said act provides that said notice shall be addressed to "all creditors of or claimants against said drainage district except bondholders," who, by the notice prescribed, are required to come into court and establish their claims against said district, "and all claims against said drainage district, except the claims of bondholders not filed on the return day of said notices in accordance herewith, shall be forever barred." We are of opinion that the decisions of this court construing section 2107, Code of 1906 (section 1775, Hemingway's Code), are, by analogy, decisive of this question in favor of appellee's contention. That section provides, in substance, that all claims against the estate of a deceased person, whether due or not, shall be registered, probated, and allowed in the court where the said estate is being administered within one year from the first publication of notice, "otherwise the same shall be barred, and a suit shall not be maintained thereon in any court, even though the existence of the claim may have been known to the executor

or administrator." In *Dillard & Coffin v. Woollard*, 124 Miss. 677, 87 So. 148, it was held that that statute had reference only to claims upon which suits had not been instituted during the lifetime of the decedent; that as to any claim upon which suit was pending against the decedent at the time of his death, the statute had no application. *Boyd v. Applewhite*, 121 Miss. 879, 84 So. 16, involved the question of the liability of the directors of a banking corporation to the minority stockholders therein for negligence in the management of the bank. In discussing whether such a claim required to be registered, probated, and allowed against the estate of a decedent under said statute, the court quoted, with approval, what was said by Judge CALHOON for the court in *Feld v. Borodofski*, 87 Miss. 727, 40 So. 816, as follows:

"We do not think a claim for damages is one for probate against the estate of a deceased person, under Code 1892, section 1933. That section has reference to contractual claims, and not to those *ex delicto*. It must be such a claim as might be paid, if the estate were solvent, by an executor or administrator, and which, if *bona fide* and proper, would afford him protection. *Sumrall* v. *Sumrall*, 24 Miss 258. This could never be with an uncertain demand for damages for assault and battery. The claim to be probated must be one which, if paid by the executor or administrator, would, *prima facie*, entitle him to credit. *Gray v. Harris*, 43 Miss. 421. The terms of the statute fully sustain this, as does the reasoning of the court in *Robinett v. Starling*, 72 Miss. 652, 18 So. 421."

*Jones* v. *Bank*, 71 Miss. 1023, 16 So. 344, involved suit by a customer against a bank to recover a deposit claimed to have been made by the customer, and denied by the bank. A dispute arose between the customer of the bank and its cashier as to whether the customer had delivered the money in question to the cashier, for deposit in the bank. Pending the suit by the customer against the bank for the amount so claimed, the cashier died. The court

held that the contingent liability of the cashier to reimburse the bank on the ground that he had not paid into the bank the money involved, being dependent upon the result of the suit, was not such a claim as was required to be probated, registered, and allowed against his estate under said statute. It was held in *Harris* v. *Hutcheson,* 65 Miss. 9, 3 So. 34, that a right acquired by garnishment against a decedent in his lifetime, before judgment on such garnishment, is a mere liability of his estate, and not such claim against the estate as was required to be registered under said statute; that there is a distinction between claims and liabilities, and, in discussing this question, Judge CAMPBELL, for the court, used the following language:

"There is a distinction between 'claims' and: *liabilities.* 'All claims' must be registered, but not all *liabilities.* The claims required to be registered are those for the proof and registration of which provision is made by section 2027 of the Code; those which might be paid by the personal representative when proved and registered. If the decedent was liable in damages for a trespass or the like, or to account as a partner, there could not be any registration of a claim against his estate. This shows the distinction between liabilities and claims, which latter are required to be registered, a distinction pointed out by SHARKEY, C. J., in *Gordon* v. *Gibbs,* 3 S. & M. 473. To bar the appellants because the claim was not registered would be to inflict loss on them for not doing what they could not do, and to make them suffer for the negligence of the defendant in the attachment from whom they were trying to coerce payment, by the process of garnishment."

It was held in *Savings Ass'n* v. *Tartt,* 81 Miss, 32 So. 115, that a probative claim of a surety on a guardian's bond was not a probative claim against the estate of the surety, and therefore not barred by said statute requiring claims against the estates of decedents to be probated and allowed within a certain time. It will be noted that

the four-months statute of limitations here involved uses the terms "creditors" or "claimants," and it provides that, if the statute is not complied with, "all claims against said drainage district, except the claims of bond holders," shall be barred. The statute, as does that requiring claims against the estate of decedents to be probated and allowed, has reference to the claims of creditors, to fix liabilities, to liquidated claims. It has no reference to claims that are unliquidated, upon which the claimant must go into the proper forum and have the amount of his claim ascertained. It cannot be said that the owner of such a cause of action is either a claimant or a creditor, in the sense of this statute.

It is hardly conceivable that the purpose of said statute was to draw into the chancery court, for liquidation and establishment, every conceivable claim that might arise against drainage districts. In the organization and conduct of drainage districts, under the statutes of this state, such districts may become liable in damages growing out of the taking of lands by them for their purposes, for injury to lands by overflow or otherwise, and for breach of contracts they are authorized to enter into. Conceding the competency of the legislature, under the Constitution, to confer such jurisdiction, the statute attempting to confer it must do so in unmistakable terms. Such jurisdiction would be extraordinary as to all causes sounding in damages. The absolute right of trial by jury in such cases would be gone.

Furthermore, appellee's cause was pending in the very court (the chancery court of Noxubee county) in which the proceeding to dissolve said drainage district, under said statute, was pending. It is true, appellee's cause was a different one from the cause involving the dissolution of said drainage district. It was styled differently. Nevertheless appellee had "come into court" to establish his claim, and he had come into the very same court which had jurisdiction of the cause wherein said district was being dissolved. The commissioners of said

drainage district, through appellee's said cause, had no-
tice of his claim. They had been summoned into court in
said cause, and were there defending it. There would,
therefore, have been no excuse whatever for the commis-
sioners of said district to overlook appellee's claim in
the liquidation and settlement of the affairs of said dis-
trict. We do not decide that this state of facts constitut-
ed a compliance with the statute. It is unnecessary to
decide that question, because we hold that the statute
has no application to claims of the character of appel-
lee's upon which suit is pending in a court having juris-
diction.

Appellant contends that, under the undisputed evi-
dence, the decree of the court is wrong; that appellee, by
his own testimony, showed that he had breached said
contract of employment, as provided by the Drainage
Act (section 1692, Code of 1906; section 4272, Heming-
way's Code), in that he admitted that the survey and
estimates made by him were only approximately correct;
that he did not understand the law required it, and did
not claim to have made a working survey, and plans and
specifications for the improvement of said drainage dis-
trict.

Appellant is mistaken as to the duties devolved
on drainage commissioners, and the engineer employed
by them, under the section of the statute referred to.
That section and the two following sections (1693 and
1694) of the Code of 1906 (Hemingway's Code, sections
4273 and 4274 should be construed together in order to
determine the character of the services required of the en-
gineer employed by the drainage commissioners. So con-
strued, it is evident that the statute only contemplates
such a survey as will enable the commissioners, with the
advice and skill of the engineer, to approximately locate
the drainage ditches, and estimate the cost of the pro-
posed improvement. Working plans and specifications
for the contractor are not contemplated. They come on
later, supplementary to this earlier work of the commis-

sioners and engineer. This could not be otherwise, because, on the hearing and disposition of the report of the drainage commissioners as provided for in the last two sections mentioned, the court is expressly given power to modify the report of the commissioners, in any particular whatever, including the location of the ditches, and making provision for other and additional ditches.

The chancellor found that appellee had not breached his contract of employment with appellant, and rendered a decree in appellee's favor for his services covering the first phase of the work contemplated by the contract, in the sum of three thousand five hundred dollars, but denied him any damages he may have suffered because of the fact that appellant refused to permit him to complete his contract. We are of the opinion that there was ample evidence to sustain the finding of the chancellor.

We find no merit in appellee's cross-appeal. Appellant was authorized to employ him to perform the services he performed without going further. Appellee had notice that, by virtue of the statute under which appellant drainage district was being organized, the project, if not practicable and beneficial to the landowners of the proposed district, might be abandoned by order of the court at any time before organization.

*Affirmed on direct and cross-appeal.*

SMITH, C. J. (dissenting).

On September 19, 1921, the appellee exhibited an original bill in the court below against the appellant, setting forth a claim for compensation for services alleged to have been rendered by him to the appellant, as an engineer, in the formation of the drainage district, and praying a recovery therefor. The appellant answered this bill on December 10, 1921, admitting the execution of the contract sued on, but denying the appellee's right to recover for the services alleged to have been rendered. On March 9, 1922, a statute was enacted, designated as chapter 216, Laws of 1922, by which a scheme was provided for the dissolution of drainage districts.

Section 3 of this statute   provides that "the court shall ascertain what debts or obligations are due and owing by said district, and shall retain jurisdiction of said cause until said debts and obligations have been paid in full." In order that the court may ascertain what debts or obligations are due and owing by the district, section 4 of the statute provides that:

·"As soon as the court shall determine that said drainage district shall be dissolved, the clerk of said court shall give four months' notice by posting, or causing to be posted, a copy of said notice in three public places in the county, one of which shall be at the courthouse, and by publishing said notice in some newspaper published in the county, and if said drainage district is located in two or more counties, then it shall be the duty of said clerk to give the said notice in the same manner in each of the counties in which said drainage district lies.

"Said notice to be addressed to all creditors of, or claimants against, said drainage district except bondholders, and commanding all of said creditors or claimants to come into court on a day certain, not earlier than four months after the date of the first publication of notice, and establish their claims against said drainage district, and all claims against said drainage district, except the claims of bondholders not filed on the return day of said notices in accordance herewith, shall be forever barred."

When the cause came on for trial, on October 27, 1922, the appellant moved the court for permission to amend its answer by setting forth a proceeding, then pending, for the dissolution of the district, the publication of the notice to creditors, as provided by the statute, to file their claims on or before October 23, 1922, and the failure of the appellee to file the claim here sued on, in accordance therewith.    This motion was overruled, and the cause proceeded to trial, resulting in a decree for the appellee for part of his demand.

The requirement of section 4 of the statute, that all creditors or claimants against the district being dissolved, except bondholders, shall come into court and file their claims, evidently is that the claims shall be filed in the proceeding for the dissolution of the district. Pending suits are not expected from this requirement, and this court is without the right to make such an exception.

The requirement is not simply for the purpose of notifying the drainage commissioners of claims against the district, but is for the purpose of advising the court, before which the dissolution proceeding is pending, of the existence of such claims so that it may be thereby enabled to provide for the payment of such claims before dissolving the district and distributing its assets. After the time for filing claims has expired, the court may proceed with the dissolution of the district, and the distribution of its assets, on the theory that the debts of the district are such only as have been filed pursuant to the notice so to do.

None of the cases cited by my associates are here in point for the reason that the statute here under consideration is in no way analogous to section 2107, Code of 1906 (section 1775, Hemingway's Code), under which those decisions were rendered. The statute is analogous to section 2117, Code of 1906 (section 1785, Hemingway's Code), and the notice to creditors, provided for in each, is for the same purpose; consequently, the cases of *Greener* v. *Neal,* 61 Miss. 204, and *Merchants' & Farmers' Bank* v. *Kelleher,* 119 Miss. 232, 80 So. 697, wherein this court held that claims not filed with the clerk of the court, pursuant to the notice so to do, are barred, should control here.

It follows from the foregoing views that I am of the opinion that the amendment should have been allowed. Coming now to the case on its merits it is clear from the evidence, which is not set out in the opinion of my associates, and will not be here, that the appellee failed to

comply with the duties imposed on him by his contract, under section 1692, Code of 1906 (Hemingway's Code, section 4272). His survey should have been sufficiently accurate to enable the commissioners to make the report to the court required by section 1693, Code of 1906 (section 4273, Hemingway's Code), and this it clearly was not. The decree of the court below should be reversed, and the bill dismissed.

I am requested by Judge ETHRIDGE to say that he concurs in the views herein expressed.